**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Phillip S. FRY, Defendant-Appellant.**

**No. 86–4094.**

United States Court of Appeals, Sixth Circuit.

Argued Aug. 14, 1987.

Decided Oct. 22, 1987.

Rehearing and Rehearing En Banc Denied Dec. 7, 1987.

Thomas M. Dawson (argued), Leavenworth, Kan., Mary Jane McFadden, Dublin, Ohio, Paul A. Weick, Cuyahoga Falls, Ohio, for defendant-appellant.

Dana Boente, Asst. U.S. Atty., Columbus, Ohio, Michael L. Paup, Lead Counsel, Chief, Appellate Section, Roger M. Olsen, Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D.C., Robert Lindsay, Gail Brodfuehrer (argued), for plaintiff-appellee.

Before LIVELY, Chief Judge, MILBURN and RYAN, Circuit Judges.

LIVELY, Chief Judge.

The significant question in this case is whether the district court fulfilled the requirements of Rule 32(c)(3)(D), Fed.R. Crim.P., in sentencing the defendant. The case reaches us on appeal from the denial of a motion for resentencing, withdrawal of guilty plea, or reduction of sentence.

## I.

Defendant Phillip Fry was charged in a seventeen-count indictment with conspiracy to defraud the United States (18 U.S.C. § 371) and other tax-related offenses. The underlying allegation in the indictment was that Fry and a codefendant were selling illegal tax shelters.

During pretrial proceedings Fry and his attorney entered into plea negotiations. Fry contends that the government assured him that even if he was sentenced to the maximum five-year term, he would actually

serve no more than twenty months. The government maintains that no such assurance was ever made.

On June 30, 1986, Fry entered a guilty plea to Count I of the indictment (conspiracy). As part of the plea agreement, the remaining sixteen counts of the indictment were dismissed. The signed plea agreement does not contain the alleged assurance that he would actually serve no more than twenty months. In addition, at the June 30, 1986, hearing Fry stated that he was not induced to plead guilty by any representations other than those contained in the plea agreement.

Prior to Fry's sentencing hearing, the United States Probation Office prepared a presentence report for the district judge to consider in sentencing Fry. This report was furnished to Fry's counsel.

The sentencing hearing was held on August 15, 1986. The judge first asked Fry's counsel if she had read the presentence report. Counsel responded that she had. Counsel then stated that she had sent a letter to the probation office on August 11, 1986, detailing her differences with the report and providing additional information. The judge then asked if counsel had seen the addendum the probation officer had added to the presentence report. Fry's counsel replied that she had not, and the judge then directed that she be shown a copy. After reviewing the addendum, Fry's counsel stated that it contained factual inaccuracies. The judge responded that counsel and the probation officer should meet to correct the factual inaccuracies. The judge added that he was then making a determination that a finding on the factual inaccuracies was unnecessary because the controverted matters "have not been taken into consideration in my determination of the sentence the court will impose on this defendant."

Later in the sentencing hearing Fry's counsel asked that her letter be forwarded along with the presentence report to the Parole Commission. The trial judge then asked what was the "gist" of the letter. Counsel responded that it included documentary information—"things like my client's marriage license, federal permits" —that the probation office had been unable to locate during its investigation. The judge granted permission to forward the letter.

Fry was then sentenced to five years imprisonment, the maximum term. Based on information given to the Parole Commission by the government concerning the dollar amount of the offense, which Fry allegedly objected to in his letter of August 11, 1986, Fry will have to serve at least forty months.

On October 23, 1986, Fry filed a motion, pursuant to Fed.R.Crim.P. 32 (Sentence and Judgment) and 35 (Correction or Reduction of Sentence), for resentencing, withdrawal of his guilty plea, or reduction of sentence. Fry contended: (1) that resentencing was required because the district court failed to comply with Fed.R.Crim.P. 32(c)(3)(D) in connection with its consideration of the presentence report; (2) that he should be able to withdraw his plea because the government violated the plea agreement with respect to the length of time he would actually have to serve; (3) that the government violated Fed.R. Crim.P. 11 in accepting his guilty plea, *i.e.*, defendant did not admit his guilt or the facts underlying the offense; and (4) that his sentence was disproportionate in length by comparison to other sentences imposed for the same crime. The district judge denied the motion, finding against Fry on each of the above issues.

## II.

We find no merit in Fry's arguments that the United States breached the terms of a plea agreement, that the district court failed to comply with Rule 11, or that he should be resentenced because his sentence was disproportionate to that received by other defendants convicted of similar offenses.

After reviewing the record of the hearing at which Fry entered a guilty plea, including the district judge's dialogue with the defendant, the district judge made findings that there was no agreement that the

defendant would serve a maximum of twenty months and that Rule 11 had been complied with and Fry's guilt had been established. These findings are not clearly erroneous and will not be disturbed on appeal. *Baker v. United States,* 781 F.2d 85, 90 (6th Cir.), *cert. denied,* — U.S. —, 107 S.Ct. 667, 93 L.Ed.2d 719 (1986).

■ Fry was sentenced to five years imprisonment, the statutory maximum for a violation of 18 U.S.C. § 371. In addressing the denial of the motion to resentence, Fry merely states that his codefendant and another person convicted in the same district received lighter sentences for similar offenses.

In *Solem v. Helm,* 463 U.S. 277, 284, 103 S.Ct. 3001, 3006, 77 L.Ed.2d 637 (1983), the Supreme Court affirmed that the Eighth Amendment requires the punishment to be proportionate to the crime. A defendant relying upon the argument that he has received a disproportionate sentence must establish more than the mere fact that other defendants have received less harsh sentences for similar crimes. The trial judge has broad discretion in determining what sentence to impose. *United States v. Tucker,* 404 U.S. 443, 446–47, 92 S.Ct. 589, 591–92, 30 L.Ed.2d 592 (1972). Fry has made no showing that the district judge abused his discretion in this case.

### III.

#### A.

The Rule 32 issue calls for a more detailed treatment. This court requires literal compliance with Rule 32(c)(3)(D). *United States v. Manni,* 810 F.2d 80, 83 (6th Cir.1987) (per curiam). The dual purpose of the 1983 amendment to Rule 32, adding subsection (c)(3)(D), was described by Chief Judge Cummings in *United States v. Eschweiler,* 782 F.2d 1385, 1387–88 (7th Cir. 1986):

> Rule 32(c)(3)(D) serves a dual purpose. First, it protects a defendant's due process right to fair sentencing procedures, particularly the right to be sentenced on the basis of accurate information. Fed. R.Crim.P. 32 Advisory Committee notes;

see *United States v. Tucker,* 404 U.S. 443, 447, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972); *Townsend v. Burke,* 334 U.S. 736, 741, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690 (1948); *United States ex rel. Welch v. Lane,* 738 F.2d 863, 864–865 (7th Cir. 1984). Thus, in order to show a due process violation, the defendant must raise grave doubt as to the veracity of the information and show that the court relied on that false information in determining the sentence. *United States v. Harris,* 558 F.2d 366, 375 (7th Cir.1977).

> The second purpose of Rule 32(c)(3)(D) is to provide a clear record of the disposition and resolution of controverted facts in the presentence report. Advisory Committee notes, *supra; United States v. Rone,* 743 F.2d 1169 (7th Cir.1984). This record aids both appellate courts in their review of sentencing hearings and administrative agencies that use the report in their own decisionmaking procedures. For example, if the court finds that information in the report is unreliable or simply decides not to rely on the disputed facts in sentencing, by following Rule 32(c)(3)(D) that decision will become part of the presentence report. This reduces the likelihood of later decisions being made on the basis of improper information. *United States v. Petitto,* 767 F.2d 607, 609 (9th Cir.1985). Moreover, if the record does not clearly reflect whether or not the information was relied on, appellate courts or prison officials may make incorrect assumptions about the disposition of alleged inaccuracies. Thus a court that fails to follow Rule 32(c)(3)(D) may not necessarily violate a defendant's right to due process; nonetheless, a violation of the Rule could require a remand for resentencing.

(citations and footnote omitted).

■ A defendant has no obligation to inform the trial judge of the existence or requirements of Rule 32(c)(3)(D). *Manni,* 810 F.2d at 83. However, a defendant seeking to rely on Rule 32(c)(3)(D) must have brought alleged factual inaccuracies clearly to the attention of the judge during

the sentencing hearing. This is clear from the language of the rule itself:

> If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons or the Parole Commission.

(emphasis added). See also *United States v. Carmel*, 801 F.2d 997, 1000 (7th Cir. 1986) ("[I]n order to impose the duty upon the sentencing judge either to resolve the factual dispute or affirmatively state that he is not relying upon the disputed fact in his sentencing of the defendant, the defendant must first allege the factual inaccuracy."). Further, on appeal from denial of a Rule 32(c)(3)(D) motion a defendant "must establish that the challenged information is (1) false or unreliable, and (2) demonstrably made the basis for the sentence." *United States v. Ibarra*, 737 F.2d 825, 827 (9th Cir.1984) (citation omitted).

### B.

■ A fair reading of the record indicates that after Fry's counsel alleged that there were factual inaccuracies in the report and then in the addendum to the report, the district court complied with Rule 32(c)(3)(D), stating:

> I am now going to make a determination, a finding on the factual inaccuracies, that they are unnecessary because these converted [sic] matters have not been taken into consideration in my determination of the sentence the court will impose on this defendant.

The duties of the trial judge are in the alternative, either to make a finding as to each alleged inaccuracy or to make a determination that no such finding is necessary because the controverted matter will not be considered in imposing sentence. *United States v. LeBlanc*, 762 F.2d 502, 505 (6th Cir.), *cert. denied*, 474 U.S. 854, 106 S.Ct. 156, 88 L.Ed.2d 129 (1985). The judge in this case satisfied the rule by making the latter determination on the record.

■ It appears that the district judge considered the addendum a response to the inaccuracies raised in the letter, and that because, pursuant to Rule 32, he was not considering the addendum in passing sentence, he was necessarily not considering the letter. The transcript of the August 15, 1986, hearing indicates that immediately after the judge asked Fry's counsel if she had read the presentence report and had discussed it with the United States Attorney, counsel responded that she had sent the letter to the probation office detailing its inaccuracies. The judge responded by asking her if she had seen the addendum. After counsel replied that she had not, she was given a copy. Counsel then stated that there was an inaccuracy in the addendum regarding a date, and that she had sent documents to the probation office to straighten out the dates. The judge then responded that counsel and the probation officers should meet to correct those inaccuracies, and that he was making the determination that the factual inaccuracies had not been taken into consideration in his determination of the sentence.

From this discussion it seems clear that Judge Kinneary believed that the addendum addressed matters raised in the letter so that the only disputes then remaining concerned the dates, which counsel and the government were directed to correct and which he was not considering in passing sentence. This reading of the record is supported by the only other reference at the hearing to the letter. After the above discussion, counsel asked the judge for permission to forward the letter to the Parole Commission along with the presentence report. The judge then asked what was in the letter. Counsel responded that "there was documentary information ... things like my client's marriage license, federal permits" that the probation office was un-

able to locate during its investigation. This response is consistent with counsel's earlier statement, addressing her concern with the addendum and an inaccurate date, that she had provided the actual documentation to the probation office. Accordingly, this second discussion of the letter would support the judge's impression that the letter did not contain separate allegations of factual inaccuracies apart from the addendum, and thus the judge's belief that the letter did not raise factual disputes that he needed to address.

We conclude that Fry did not satisfy his threshold burden of informing the judge of any claim of factual inaccuracies in the report or addendum other than those relating to dates and other "documentary information". If the letter claimed that there were other factual inaccuracies not addressed in the addendum, the transcript of the sentencing hearing demonstrates that they were not brought to the judge's attention.

■ In his reply brief Fry argues that even if the allegations of factual inaccuracies were not properly brought to the attention of the trial court at sentencing, they were subsequently brought to the court's attention in his motion under Rules 32 and 35, and may be considered on appeal in determining whether to order resentencing. He cites *United States v. Brody*, 808 F.2d 944 (2d. Cir.1986). *Brody* does not support this argument. At most, it holds that when a district court corrects a presentence report to reflect matters first brought to its attention in a Rule 32 motion subsequent to sentencing, the defendant has received all the relief available under Rule 32. *Id.* at 947. *Brody* does not hold that resentencing may be ordered when a judge has complied with Rule 32(c)(3)(D) on the basis of information presented by the defendant at sentencing, but it is informed of other alleged inaccuracies in a post-sentencing motion.

## IV.

Fry also argues that his counsel at the guilty plea and sentencing hearings rendered ineffective assistance. Appellate counsel maintains that Fry's trial counsel failed to conduct a proper legal evaluation of the prosecutor's assurance that a five-year sentence would result in a maximum twenty months confinement. Any such evaluation by counsel would have been unavailing in view of the district court's finding that the prosecutor did not give this assurance, and our conclusion that this finding was not clearly erroneous. Thus, there could be no prejudice arising from counsel's alleged neglect. Present counsel also contends that trial counsel's failure to understand the rights of her client under amended Rule 32 constituted ineffective assistance. While counsel made a somewhat confusing presentation to the trial judge concerning the alleged factual errors in the presentence report, there is nothing in the record that demonstrates a lack of familiarity with Rule 32.

■ In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court adopted a two-part standard for evaluating claims of ineffective assistance of counsel. In *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985), the Court held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." We do not believe this record demonstrates either that counsel's representation "fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. at 688, 104 S.Ct. at 2064; or that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104. S.Ct. at 2068.

The judgment of the district court is affirmed.