856 F.2d 193
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert Emmet CALDWELL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 87-2014.
 United States Court of Appeals, Sixth Circuit.
 Aug. 30, 1988.
 
 1
 Before NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges, and CARL B. RUBIN, Chief District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals the district court's order denying his motion to vacate, set aside, or correct his sentence filed pursuant to 28 U.S.C. Sec. 2255. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Defendant, Robert E. Caldwell, pleaded guilty to one count of distribution of cocaine and one count of possession of a firearm by a felon. Pursuant to a Fed.R.Crim.P. 11 plea agreement, he was sentenced to seven years incarceration and placed on five years special parole.
 
 
 4
 In support of his motion to vacate his sentence, Caldwell alleged that the sentencing court failed to comply with the requirements of Fed.R.Crim.P. 32(c)(3)(A) by not allowing him an opportunity to review or comment on the presentence investigation report and by relying on materially false information in the report. He also alleged that he was denied effective assistance of counsel and that the Parole Board's reliance on the report deprived him of an asserted liberty interest in parole.
 
 
 5
 Upon consideration of the record, the district court determined that defendant failed to establish grounds for relief and denied the motion. We conclude that the district court properly denied the Sec. 2255 motion to vacate his sentence.
 
 
 6
 First, Fed.R.Crim.P. 32(c)(3)(A) requirements were met. Caldwell acknowledges that he read the report; the sentencing court offered him the opportunity to address the court. Moreover, because Caldwell failed to bring inaccuracies to the attention of the court, he may not now complain of reliance on alleged misinformation under Rule 32. See United States v. Fry, 831 F.2d 664, 667-68 (6th Cir.1987).
 
 
 7
 Second, the motion to vacate was properly denied because Caldwell was sentenced pursuant to a Fed.R.Crim.P. 11 plea agreement. In this instance, he must be held to the terms of the agreement and cannot be heard to complain. See Mabry v. Johnson, 467 U.S. 504, 508 (1984).
 
 
 8
 Caldwell also complained that the judge at sentencing failed to inquire directly whether he had had an adequate opportunity to read and review the presentence report and whether he wanted to comment on it. While the failure to make such an inquiry may be error, it does not warrant relief under Sec. 2255 where, as here, defendant failed to show that the sentence was based on false information. See United States v. Stevens, No. 87-3099, (6th Cir. June 29, 1988) (citing United States v. Rone, 743 F.2d 1169 (7th Cir.1984)). At most, Caldwell asserts a difference of opinion which is already expressed in the report, over the prosecution's version of the drug distribution scheme.
 
 
 9
 Third, Caldwell did not demonstrate ineffective assistance of counsel under the standard of Strickland v. Washington, 466 U.S. 668, 688 (1984).
 
 
 10
 Fourth, Caldwell's challenge to the Parole Board's decision must be pursued through administrative proceedings and is not the basis for relief under 28 U.S.C. Sec. 2255. See 28 C.F.R. Sec. 2.19(c), Farkas v. United States, 744 F.2d 37, 38-39 (6th Cir.1984). Finally, contrary to defendant's assertion, he has no liberty interest in parole. See Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 7 (1979).
 
 
 11
 Accordingly, the district court's order filed September 30, 1987, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Carl B. Rubin, Chief U.S. District Judge for the Southern District of Ohio, sitting by designation