889 F.2d 1088
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Lee NEWBERRY, also known as Jimmy Newberry, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-5277.
 United States Court of Appeals, Sixth Circuit.
 Nov. 21, 1989.
 
 1
 Before WELLFORD and DAVID A. NELSON, Circuit Judges, and RICHARD F. SUHRHEINRICH, District Judge.*
 
 ORDER
 
 2
 James Lee Newberry, a pro se federal prisoner, appeals the district court's dismissal of his motion to vacate his sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Pursuant to an oral plea agreement, Newberry pleaded guilty to one count of conspiracy to distribute and possession with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. Sec. 846. He was sentenced to thirteen years imprisonment and a fifty dollar special assessment was imposed. Newberry did not pursue a direct appeal from his conviction, but he did file a motion for reduction of his sentence pursuant to Fed.R.Crim.P. 35(b). The district court denied the motion, and later denied petitioner's motion for reconsideration. Petitioner did not appeal these rulings. Thereafter, Newberry filed the instant Sec. 2255 motion to vacate alleging: 1) his sentence was based upon incorrect information in his presentence investigation report (PSI) which caused the United States Probation Office to miscalculate his salient factor score; 2) there was disparity among the sentences of his co-conspirators; 3) the sentence was disportionate when compared with similar cases nationwide; 4) the government violated the plea agreement by recommending that the defendant receive a severe sentence; and 5) the trial court permitted the government to introduce false and misleading information into petitioner's PSI.
 
 
 4
 The district court declined review of the first four claims finding them successive under Rule 9(b) of the Rules governing Sec. 2255 proceedings because the claims had previously been addressed in Newberry's Rule 35 motion. The district court addressed the merits of the fifth claim and found that the PSI report was sufficiently accurate and reliable to satisfy the requirements of due process.
 
 
 5
 Upon review, we affirm. The district court did not abuse its discretion in dismissing the first four claims pursuant to Rule 9(b). Newberry raised the exact same claims in his Rule 35 motion and in his motion to reconsider the Rule 35 denial. This motion raises no new grounds, nor has Newberry presented a colorable showing of innocence. In fact, Newberry admitted that he purchased cocaine from co-conspirator Parker for himself and at least one other person. Under these circumstances, the district court was not required to entertain a successive petition. See Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986); Lonberger v. Marshall, 808 F.2d 1169, 1173 (6th Cir.), cert. denied, 481 U.S. 1055 (1987).
 
 
 6
 We also affirm the judgment as to the fifth claim. Newberry's basic complaint is his belief that the sentence imposed was unduly harsh because the PSI report characterized him as a drug dealer and one of Parker's biggest customers. Defense counsel objected to this characterization, and the trial court held an evidentiary hearing on the issue where it heard testimony from Newberry and the FBI agent in charge of the investigation. The court specifically found that Newberry purchased cocaine for himself and others; that Newberry's association with Parker extended beyond the time period of the wiretap; and that the statements contained in the PSI were accurate. Aside from his own self-serving statements, Newberry has not demonstrated that the information regarding his being a drug dealer and one of Parker's biggest customers was false. See United States v. Stevens, 851 F.2d 140, 143 (6th Cir.1988); United States v. Fry, 831 F.2d 664, 667 (6th Cir.1987) (in order to set aside sentence on basis of false information, defendant must show information before the sentencing court was false, and that the court relied on the false information in passing sentence). We affirm the decision also based on the reasons given by the district court in its denial of this motion.
 
 
 7
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Richard F. Suhrheinrich, U.S. District Judge for the Eastern District of Michigan, sitting by designation