897 F.2d 530
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Henry SUNDEL, Defendant-Appellant.
 No. 89-1956.
 United States Court of Appeals, Sixth Circuit.
 March 7, 1990.
 
 Before MERRITT, Chief Judge and KEITH and ALAN E. NORRIS, Circuit Judges.
 MERRITT, Chief Judge.
 Defendant appeals his sentence of fifteen years, claiming that the district court impermissibly relied on inadmissible hearsay evidence from the presentence report in determining his sentence. Because we hold that the error claimed was harmless under Fed.R.Crim.P. 52(a)[1] and that it is clear that the defendant would have received a fifteen-year sentence whether the trial judge held a hearing on the hearsay evidence or not, we affirm the sentence.
 Defendant Sundel and seven other defendants were indicted with one count of conspiracy to distribute in excess of 1,000 pounds of marijuana in violation of 21 U.S.C. Secs. 841 and 846, and two other counts. Defendant Sundel plead guilty to the first count in exchange for dismissal of the other two charges. Defendant's presentence report included an allegation that he had threatened a co-conspirator, Erikson, for additional payment with the help of another of his co-conspirators, Lubiejewski. Defendant adamantly denied this allegation, and urged the district court not to consider it as inadmissible hearsay. After calling defendant's hearsay argument "the most interesting objection to the Court," Sentencing Proceeding Transcript at 11, J.A. at 144, the district court sentenced defendant to fifteen years imprisonment and ordered him to pay a $125,000 fine.
 
 
 1
 Defendant's appeal concerns only the allegation in the presentence report that he threatened his co-conspirator. He asserts that the district court increased the sentence because of the alleged use of violence or threats of violence, and he petitions this Court for remand and resentencing. Defendant does not claim in his brief that the admission of hearsay at sentencing violates the confrontation clause of the Sixth Amendment; therefore, we do not reach that issue.[2] Instead, defendant's only claim is that the admission of hearsay violated Fed.R.Crim.P. 32(c)(3)(D), and that, as a result, the district court violated defendant's due process rights.
 
 
 2
 Under Rule 32(c)(3)(D), a defendant bears the burden of alerting the district court to putative factual errors in the presentencing report. United States v. Fry, 831 F.2d 664, 667 (6th Cir.1987). To make a due process claim successfully, the " 'defendant must raise grave doubt as to the veracity of the information and show that the court relied on that false information in determining the sentence.' " Id. at 667 (quoting United States v. Eschweiler, 782 F.2d 1385, 1387 (7th Cir.1986)). While defendant here did raise the veracity issue promptly to the district court, the district court did not rely on the allegedly false information in sentencing, even though he discussed the issue at the sentencing hearing and found that defendant made the threat.
 
 
 3
 At the time of defendant's sentencing, the same district judge had already sentenced co-conspirator Lubiejewski to fifteen years imprisonment. Defense counsel knew that at the hearing and practically admitted that a similar sentence for defendant was predictable. As he said at the sentencing hearing:
 
 
 4
 In a way, I think all of this is academic. The Court is going to make what I regard is a fairly uncomplicated decision as to whether to give Mr. Sundel 15 years. The Court gave Mr. Lubiejewski 15 years. The Court said a critical factor as it related to Mr. Sundel at that time was whether Mr. Sundel was on that plane to Michigan. I have told the Court candidly that he was on that plane.
 
 
 5
 So it doesn't take a nuclear physicist to figure out where the Court is leaning in the case.
 
 
 6
 Sentencing Proceeding Transcript at 30-31, J.A. at 163-64. Defense counsel then proceeded to argue that defendant's case and Mr. Lubiejewski's case differed because defendant plead guilty and had served time already. The district court chose to ignore these distinguishing factors. It concluded its discussion at the sentencing hearing with its decision that it could not sentence the two co-conspirators differently.
 
 
 7
 Because I don't see any distinction between you and Mr. Lubiejewski, or if anything I see a worse distinction with you--he didn't have three drug convictions before he came in here--it would be senseless for me to sentence you differently, and therefore, I won't; and therefore, as Mr. Willey [defendant's counsel] points out, it probably was an academic exercise [to discuss all the distinguishing factors and the hearsay argument] but a valuable one for me.
 
 
 8
 Sentencing Proceeding Transcript at 66, J.A. at 199. Defendant's sentence turned primarily on the sentence already meted out to his co-conspirator. The only aggravating factor mentioned, in the end, was the prior convictions that defendant had. Defendant has thus not met his burden under Fry to show that the court relied on the false information in sentencing.[3]
 
 
 9
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Rule 52(a) states, "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."
 
 
 [2]
 In addition, neither the defendant nor the government addresses whether Sentencing Guideline Sec. 6A1.3--which permits the admission of evidence without regard to the rules of evidence if it has "sufficient indicia of reliability to support its probable accuracy"--applies to this case. We therefore decline to reach that issue
 
 
 [3]
 Because Mr. Lubiejewski was the other person threatening Mr. Erikson, it is possible that defendant could argue that the district court wrongly relied on that information in sentencing Mr. Lubiejewski, and that defendant is harmed because Mr. Lubiejewski's sentence is flawed. Defendant has not raised that argument here, and has therefore waived it