898 F.2d 155
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Vincent D. EDWARDS, Defendant-Appellant.
 No. 89-3108.
 United States Court of Appeals, Sixth Circuit.
 March 15, 1990.
 
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Vincent Edwards appeals his sentence from his guilty plea for possession of 29.9 grams of crack cocaine with intent to distribute. 21 U.S.C. Sec. 841. Edwards contends that his guideline range was incorrectly calculated by the probation officer before his sentencing hearing.
 
 
 2
 On June 28, 1988, Edwards was indicted for possession of 412.12 grams of cocaine with intent to distribute, and for possession of 29.9 grams of crack cocaine with intent to distribute. On January 19, 1989, Edwards pled guilty to the second count, involving the crack cocaine, and the first count was dismissed. Edwards's guideline range was 210 to 262 months. Edwards received the minimum sentence of 210 months.
 
 
 3
 Edwards argues that the district court erroneously calculated his sentencing range. First, Edwards argues that the district court incorrectly found that he is a career offender under section 4B1.1 of the Sentencing Guidelines. In order to be classified as a career offender, a defendant must be at least 18 years old and have two prior felony convictions. The parties do not dispute the sufficiency of Edwards's first felony conviction, trafficking in cocaine in 1984. Edwards challenges the sufficiency of his two other convictions--one in Florida for possession of cocaine and one for burglary--as a basis for determining that he is a career offender.
 
 
 4
 Edwards waived this challenge by failing to raise it at his sentencing. At sentencing, the district court specifically warned Edwards that the presentence report classified him as a career offender, and no objection was made. The district court specifically asked Edwards if his attorney had reviewed the presentence report with him, and Edwards replied, "Yes."
 
 
 5
 It is the defendant who bears the burden to bring any factual findings in the presentence report to the attention of the district judge. United States v. Fry, 831 F.2d 664, 667-68 (6th Cir.1987). The determination that Edwards was a career offender was a factual finding. Edwards waived his ability to challenge this finding on appeal by failing to challenge the sufficiency of either the Florida drug conviction or the burglary conviction before the district judge.
 
 
 6
 Second, Edwards argues that the district court incorrectly calculated his offense level by including the drugs taken from his residence in calculating his offense level because he was not convicted of possession of these drugs. However, drugs that not specified in the count of the conviction are still included when calculating the offense level under the sentencing guidelines if they were part of the same course of conduct of part of a common scheme. U.S.S.G. Sec. 1B1.3, comment. Thus, the district court did not err in including drugs, which were part of Edwards's admitted distribution scheme, in his offense level, even though he was not actually convicted for possession of them.
 
 
 7
 The sentence of the district court is affirmed.