911 F.2d 734
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bobbye Lee BATTLES, Defendant-Appellant.
 No. 89-1940.
 United States Court of Appeals, Sixth Circuit.
 Aug. 23, 1990.
 
 1
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges, and SILER, Chief District Judge.*
 
 ORDER
 
 2
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Bobbye Lee Battles appeals pro se from a district court order denying her motion for a reduction of her sentence pursuant to Federal Rule of Criminal Procedure 35. Battles pled guilty to conspiracy to possess with intent to distribute and conspiracy to distribute controlled substances, in violation of 21 U.S.C. Sec. 846. On February 1, 1989, Battles was sentenced to five years imprisonment and ordered to pay a special assessment fine of $50.00.
 
 
 4
 The district court denied Battles' subsequent motion for a reduction in sentence, which alleged the following factual inaccuracies in the presentence report: (1) the type of drug obtained by the defendant and degree of involvement with certain codefendants in the conspiracy; (2) the volume of the drug, dilaudid, sold to codefendant Gerrard; and (3) Battles' degree of culpability and role in the conspiracy. Battles further alleged the district court had erred by imposing on her a harsher sentence than those given to codefendants in the conspiracy who had prior convictions and had denied her due process by relying on information outside the presentence report when Battles allegedly had no meaningful opportunity to rebut the information. Battles lastly contended that the court erred by failing to attach to the presentence report findings in regard to alleged factual inaccuracies in that report, as required by Fed.R.Crim.P. 32(c)(3)(D).
 
 
 5
 Upon review, this court has concluded that the district court did not abuse its discretion in imposing the sentence in question. The sentencing judge substantially complied with the requirements of Rule 32(c)(3)(D), by his findings made of record in regard to the contested matters. United States v. Graham, 856 F.2d 756, 762 (6th Cir.1988), cert. denied, 109 S.Ct. 1144 (1989). Further, Battles was not denied due process, in that she did not raise grave doubt as to the veracity of the information relied upon by the sentencing court or show that the court relied on false information as a basis for the resulting sentence. United States v. Stevens, 851 F.2d 140, 142 (6th Cir.1988); United States v. Fry, 831 F.2d 664, 667 (6th Cir.1987).
 
 
 6
 Accordingly, the district court's denial of the defendant's motion for a reduction of sentence is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., Chief U.S. District Judge for the Eastern District of Kentucky, sitting by designation