954 F.2d 724
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Stephen CONNOLLY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-1348.
 United States Court of Appeals, Sixth Circuit.
 Feb. 6, 1992.
 
 Before BOGGS and ALAN E. NORRIS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Stephen Connolly, a pro se federal prisoner, appeals a district court judgment dismissing his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 In September 1989, Connolly pled guilty pursuant to a Rule 11 plea agreement to one count of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). The plea agreement provided, inter alia, that Connolly's sentence would not exceed five years imprisonment. Connolly was sentenced to five years imprisonment. He filed his § 2255 motion, his second, asserting that the district court did not comply with Fed.R.Crim.P. 32(c)(3)(D) at sentencing. He claimed that as a result of the district court's failure to comply with Rule 32, his pre-sentence investigation report contained inaccurate information, which was being relied on by the Parole Board.
 
 
 3
 After a review, the district court dismissed the case, finding that Connolly was not entitled to relief. Connolly has filed a timely appeal. On appeal he raises the same issue which was before the district court and also asserts that his trial counsel was ineffective for failing to object to the inaccurate information in the pre-sentence report. Upon review, we conclude that Connolly's assertions of error are meritless.
 
 
 4
 Connolly's assertion that his trial counsel was ineffective will not be addressed on appeal because he did not raise the issue in his § 2255 motion before the district court. See White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990). However, even if Connolly had raised the issue before the district court he would not be entitled to relief, because his claim of ineffective assistance of counsel is meritless. Connolly has not shown that his counsel's performance was deficient and that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985). Further, Connolly also has no right to relief pursuant to Fed.R.Crim.P. 32(c)(3)(D), because he failed to object to the alleged inaccuracies in the pre-sentence investigation report at sentencing. See United States v. Fry, 831 F.2d 664, 667-68 (6th Cir.1987). In order to be entitled to a ruling on appeal regarding a contested matter in a pre-sentence report, a defendant " 'must establish that the challenged information is (1) false or unreliable and (2) demonstrably made the basis for the sentence.' " Fry, 831 F.2d at 668 (quoting United States v. Ibarra, 737 F.2d 825, 827 (9th Cir.1984)). Connolly cannot show that the challenged information was made the basis for his sentence because his allegations concern the Parole Board's determination of his parole guideline range, events which occurred subsequent to sentencing.
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.