979 F.2d 852
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bernardo PELAEZ, Defendant-Appellant.
 No. 91-2427.
 United States Court of Appeals, Sixth Circuit.
 Nov. 17, 1992.
 
 Before MARTIN and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Appellant, Bernardo Pelaez, alleging that the district court violated his right to due process of law by using an outdated and inaccurate presentence report, appeals from the district court's sentencing determination. We affirm for the following reasons.
 
 I.
 
 2
 Bernardo Pelaez was sentenced to fifteen years imprisonment on November 7, 1989, for his participation in a cocaine distribution conspiracy. He appealed, and the case was remanded by a panel of this court for resentencing, because his right of allocution had been denied. The facts of this initial proceeding are set forth more fully in United States v. Pelaez, 930 F.2d 520 (6th Cir.1991).
 
 
 3
 Prior to Pelaez's resentencing on December 3, 1991, the district court judge examined Pelaez's presentence report ("PSR") which was prepared following his original conviction in 1984. The PSR described Pelaez's role in a large scale cocaine importation and distribution conspiracy originating in Colombia. The PSR described Pelaez as one of the "chief lieutenants" in the Leo Radosta organization, and indicated that Pelaez had operated as a courier for multi-kilogram quantities of cocaine. It also noted that Pelaez collected millions of dollars from Radosta on behalf of the Colombian supplier.
 
 
 4
 The original PSR was updated in 1989, prior to Pelaez's original sentencing on November 7, 1989. The day before the original sentencing, Pelaez delivered a sentencing memorandum to the district court judge challenging information in the PSR concerning Pelaez's involvement in the Radosta organization. The district court considered this information in arriving at its original sentence of 15 years imprisonment.
 
 
 5
 Pelaez appealed and this court remanded for resentencing. United States v. Pelaez, 930 F.2d at 522-26. Pelaez subsequently agreed to cooperate and provide information to the government in exchange for the government's promise not to prosecute him for any further criminal acts, and to recommend, in its sole discretion, a sentence reduction. Following his cooperation, the government agreed to recommend a two-year sentence reduction.
 
 
 6
 On December 2, 1991, the day before Pelaez's resentencing, Pelaez's counsel delivered a letter to the court challenging the accuracy of the PSR and asking that it be updated. This was the first time since his original sentencing that Pelaez contacted anyone concerning the need to update the PSR. The letter, in relevant part, challenged the accuracy of characterizing Pelaez as a major cocaine courier for Leo Radosta.
 
 
 7
 At the December 3, 1991 sentencing hearing, Pelaez objected to certain statements made in the PSR. Pelaez did acknowledge, however, that he had attempted to collect over one million dollars from Radosta for three cocaine shipments.
 
 
 8
 The government, not having had advance notice that Pelaez intended to challenge specific statements in the PSR, suggested that, since this was a pre-guidelines case offering wide latitude to the sentencing judge in imposing his sentence, the court need not resolve the disputed factual statements in the PSR. Though the district court judge gave Pelaez the opportunity for a separate hearing and offered to give him additional time to resolve the inaccuracies prior to imposing sentence, defense counsel requested immediate sentencing and indicated that the factual matters could be resolved at a later time.
 
 
 9
 Before imposing sentence, the district court judge explained that he would disregard the disputed facts when determining the sentence. The judge then sentenced Pelaez to a prison term of 13 years. Defendant thereafter filed a timely notice of appeal alleging that his due process rights were violated because the PSR contained "blatantly false information."
 
 II.
 
 10
 Defendant contends on appeal that the district court erred in using the out-of-date presentence report as a basis for his resentencing. We reject Pelaez's assignment of error.
 
 Fed.R.Crim.P. 32(c)(3)(D) provides:
 
 11
 If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing.
 
 
 12
 This rule is designed to protect a defendant's due process right to be sentenced on the basis of accurate information and to provide a clear record of the resolution of controverted facts in the presentence report. United States v. Fry, 831 F.2d 664, 667 (6th Cir.1987).
 
 
 13
 "In order to prevail on appeal, the appellant must show that the contested information is (1) false or unreliable, and (2) demonstrably made the basis for his sentence." United States v. Hitow, 889 F.2d 1573, 1582 (6th Cir.1989) (emphasis in original). Pelaez did not demonstrate the existence of either of these factors.
 
 
 14
 The defendant did not prove that any of the statements made in the PSR were false or unreliable. A defendant bears the burden of bringing the "alleged factual inaccuracies clearly to the attention of the judge during the sentencing hearing." Fry, 831 F.2d at 667-68. Though the defendant alleges that certain factual statements in the PSR are false, he never supported these allegations with any facts to support his version of the truth. Instead, he appears to argue that it is the government's burden to demonstrate that the facts in the PSR are true. The defendant has mischaracterized the parties' respective burdens under Rule 32 and Hitow. We therefore conclude that the defendant failed to carry his burden of demonstrating the falsity of the statements in the PSR.
 
 
 15
 Moreover, even if the defendant had succeeded in showing that the information contained in the PSR was false, Pelaez has not satisfied the second prong of the Hitow test. This element requires that the false or unreliable information contained in the PSR be the basis for the sentence. "Mere awareness of prejudicial information by a trial judge does not taint the sentence if the information was not expressly relied on." Hitow, 889 F.2d at 1582; United States v. Lee, 648 F.2d 667, 669 (9th Cir.1981).
 
 
 16
 The district court judge expressly stated to Pelaez that he would "disregard the matters in the pre-sentence report that your attorney has indicated you claim are inaccurate or untrue" when imposing the sentence. Joint Appendix at 157. The district court judge proceeded to sentence Pelaez without regard to the contested facts. As the United States correctly points out, the district court had broad latitude in considering factors relevant to the imposition of the sentence since this is a pre-guidelines case. The judge's imposition of a 13-year sentence was well-within the 15-year maximum sentence prescribed by statute for conspiring to traffic in cocaine. Accordingly, the district court judge properly refrained from considering the contested facts in the PSR when resentencing Pelaez.
 
 
 17
 The government offers an alternate reason for upholding the sentence. It cites Eastern District of Michigan Local Rule 39(b) which requires that defense counsel "communicate to the probation officer any objections to any material information [or] sentencing classifications ... which are contained in, or omitted from, the report" within 14 days of receipt. The rule provides that any communication shall be in writing and signed by the defendant and his attorney.
 
 
 18
 Defendant failed to object, in writing, within 14 days of receipt of the 1989 PSR. He could have, and should have, challenged the inaccuracies prior to his 1989 sentencing. Counsel's last-minute delivery of a sentencing memorandum (not signed by the defendant) one day before the original sentencing hearing did not comply with the 14-day rule. Likewise, Pelaez failed to properly challenge the PSR prior to his resentencing in December 1991, again delivering an unsigned sentencing memorandum to the district court on the eve of the hearing.
 
 
 19
 We are not convinced, however, that the defendant's failure to comply with the local rule precludes his appeal of this issue. Although defendant did not properly challenge the PSR under the local rule, the district court was nevertheless willing to consider his objections, and offered to hold a hearing on the issue. This issue was not heard below because defendant desired to proceed to sentencing immediately notwithstanding the court's offer to consider his objections fully. Defendant stated that the "factual disputes could be resolved at a later time." It appears, therefore, that defendant may have waived his right to appeal because he did not fully press his claim below. Taft Broadcasting Co. v. United States, 929 F.2d 240, 244 (6th Cir.1991) (particularly inappropriate to decide new questions of fact for the first time on appeal).
 
 III.
 
 20
 For the foregoing reasons, we AFFIRM the district court's decision.[1]
 
 
 
 [1]
 The appellant's "Motion For Leave to Take Judicial Notice of Undocketed Items" is, after due consideration, denied