983 F.2d 1070
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Lee SLONE, Defendant-Appellant.
 No. 92-5342.
 United States Court of Appeals, Sixth Circuit.
 Dec. 11, 1992.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and ROSENN, Senior Circuit Judge.[1]
 PER CURIAM.
 
 
 1
 This is an appeal from the sentence imposed in a cocaine case. Finding no error in the proceedings before the district court, we shall affirm the sentence.
 
 
 2
 The defendant, David Lee Slone, pleaded guilty to a charge that he and four others conspired to possess more than five kilograms of cocaine with intent to distribute it. The district court computed Mr. Slone's offense level at 32 and his criminal history category at II, producing a guideline sentencing range of imprisonment for 135-168 months. Mr. Slone received a sentence at the bottom of this range--135 months.
 
 
 3
 Mr. Slone presents four assignments of error. He argues first that his criminal history was improperly calculated because the court took into account convictions in a drunken driving case where Mr. Slone had no counsel and a rape case where sentence had not yet been imposed. As to the drunken driving case, it appears to be undisputed that Mr. Slone waived counsel prior to entering a plea of guilty, negating the prospect of any constitutional infirmity.
 
 
 4
 The court also took into account a third-degree rape conviction for which Mr. Slone had not yet been sentenced. "Under [U.S.S.G.] § 4A1.2(a)(4), a conviction for which the defendant has not yet been sentenced is treated as if it were a prior sentence under § 4A1.1(c) if a sentence resulting from such conviction otherwise would have been counted." U.S.S.G. § 4A1.2, application note 1. The calculation of Mr. Slone's criminal history was thus unexceptionable.
 
 
 5
 Mr. Slone argues next that the court erred in finding that he was an organizer or supervisor in the cocaine conspiracy, a finding that led to an increase in his offense level under U.S.S.G. § 3B1.1(c). The increase was based upon the recommendation of the probation officer who prepared the presentence report; the report said that Mr. Slone was "the second most culpable individual in the conspiracy." Mr. Slone assails the report as conclusory, but he had ample opportunity to raise this issue before the district court and he failed to do so. The court's finding can be reversed only if plainly erroneous, and there has been no showing of plain error here.
 
 
 6
 Mr. Slone contends that the presentence report was in error in saying that he was involved with as much as eight kilograms of cocaine; an evidentiary hearing should have been held to resolve this issue, he submits. Mr. Slone pleaded guilty, however, to involvement with "over five kilograms of cocaine." The sentencing guideline used to calculate Mr. Slone's base offense level, U.S.S.G. § 2D1.1(c)(6), applies to drug crimes involving at least five kilograms and less than fifteen kilograms of cocaine. Under the circumstances of this case, the amount by which the quantity of cocaine exceeded five kilograms was immaterial.
 
 
 7
 Three of Mr. Slone's co-conspirators received shorter sentences than he did. Mr. Slone contends that the disparity between their sentences and his was so great as to be impermissible. A defendant must establish more than the mere fact that his co-defendants received lesser sentences, however, if a claim of disproportionate sentencing is to be supported. United States v. Fry, 831 F.2d 664, 667 (6th Cir.1987). Nothing more has been established here.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 The Honorable Max Rosenn, Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation