993 F.2d 1548
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert M. NELSON, Defendant-Appellant.
 No. 92-5768.
 United States Court of Appeals, Sixth Circuit.
 May 4, 1993.
 
 1
 Before GUY and NELSON, Circuit Judges, and BECKWITH, District Judge.*
 
 ORDER
 
 2
 Robert M. Nelson appeals his conviction and sentence for being a felon in possession of a firearm. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1992, Nelson pleaded guilty to the above-noted offense and the district court sentenced him to 27 months imprisonment. After the district court granted Nelson an extension of time, he perfected a timely appeal. On appeal, his counsel has filed a motion to withdraw pursuant to Sixth Circuit Rule 12(d) and Anders v. California, 386 U.S. 738 (1967). Nelson has submitted a response to his counsel's motion to withdraw. Upon review, we affirm the district court's judgment.
 
 
 4
 Nelson initially argues that he was improperly convicted of being a felon in possession of a firearm, because his civil rights had been restored under state law. It is noted that Nelson did not raise this argument in the district court. As Nelson did not enter a conditional plea reserving the right to raise this issue on appeal, he has waived any non-jurisdictional attacks on his conviction. United States v. Pickett, 941 F.2d 411, 416-17 (6th Cir.1991).
 
 
 5
 Nonetheless, his argument is without merit. Nelson argues that his civil rights had been restored after a 1974 state armed robbery conviction and, therefore, that conviction cannot be relied upon for his subsequent conviction under 18 U.S.C. §§ 921(a)(20) and 922(g)(1). In determining whether a convicted felon's civil rights have been restored by operation of state law, the court must look to the whole of state law to determine whether the convicted felon is entitled to vote, hold public office, serve on a jury and ship, transport, possess or receive a firearm. See United States v. Cassidy, 899 F.2d 543, 549 (6th Cir.1990); see also United States v. Driscoll, 970 F.2d 1472, 1475-82 (6th Cir.1992), cert. denied, 113 S.Ct. 1056 (1993); United States v. Gilliam, 979 F.2d 436, 437 (6th Cir.1992), petition for cert. filed (Jan. 25, 1993). Federal courts should examine state law solely for the purpose of determining whether the state has restored felons to their full civil rights. Driscoll, 970 F.2d at 1480. We conclude that Nelson's civil rights were revoked under state law and have not been restored. See Tenn.Code Ann. §§ 40-20-112, 40-20-114, 40-29-101 and 40-29-102.
 
 
 6
 Nelson next argues that his presentence investigation report contained false and erroneous information resulting in an illegal and excessive sentence. Presumably, Nelson is arguing that the district court improperly relied on these factual inaccuracies in violation of Fed.R.Crim.P. 32(c)(3)(D). As Nelson did not bring the alleged factual inaccuracies clearly to the attention of the district judge during the sentencing hearing, the district court did not have to resolve these factual issues as required by Rule 32(c)(3)(D). See United States v. Fry, 831 F.2d 664, 667-69 (6th Cir.1987). Consequently, Nelson has waived his right to challenge these issues on appeal. Id.
 
 
 7
 Nelson argues that the district court improperly denied him a two point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. We conclude that Nelson has not met his burden of demonstrating acceptance of responsibility, United States v. Christoph, 904 F.2d 1036, 1040 (6th Cir.1990), cert. denied, 111 S.Ct. 713 (1991); the district court's determination that he had not accepted responsibility is not clearly erroneous. Id. at 1041.
 
 
 8
 Nelson also argues that he should have received a reduction in his guideline level range because he had the firearms for sporting purposes under U.S.S.G. § 2K2.1(b)(2). Nelson again has not met his burden of demonstrating that he is entitled to the reduction, United States v. Morrison, Case No. 92-5033, 1993 WL 3499 * 2 (6th Cir. Jan. 12, 1993); and the district court's determination on this matter is not clearly erroneous. Id. at 1993 WL 3499 * 1.
 
 
 9
 Nelson next argues that his conviction violates the Equal Protection Clause. However, as noted previously, Nelson did not enter into a conditional guilty plea in the district court. Therefore, he cannot raise this argument against his conviction on appeal. Pickett, 941 F.2d at 416-17.
 
 
 10
 Lastly, Nelson argues that he received ineffective assistance of counsel. However, Nelson did not raise this issue in the district court and no record has been made regarding this claim. As the record is not adequate to assess the merits of Nelson's allegations, we will not consider his claim on direct appeal. United States v. Daniel, 956 F.2d 540, 543 (6th Cir.1992). Rather, Nelson can raise this claim in a post-conviction proceeding under 28 U.S.C. § 2255 so that the parties can develop an adequate record on the issue. Id.
 
 
 11
 Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Sandra S. Beckwith, U.S. District Judge for the Southern District of Ohio, sitting by designation