NOT RECOMMENDED FOR PUBLICATION
File Name: 12a0009n.06

No. 11-3083

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

*Jan 05, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| ROBERT C. WELTI, | ) | SOUTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

Before: CLAY, SUTTON, and STRANCH, Circuit Judges.

**JANE B. STRANCH, Circuit Judge**. Defendant-Appellant Robert C. Welti appeals the

sentence imposed by the district court following his guilty plea for corruptly endeavoring to obstruct

or impede the due administration of the Internal Revenue Code, in violation of 26 U.S.C. § 7212(a).

Welti asserts the district court violated Federal Rule of Criminal Procedure 32(i)(3)(B) by failing to

find by a preponderance of the evidence in the record that Welti committed certain conduct contained

in the Presentence Report. Welti asks this Court to vacate his sentence and remand for resentencing.

Because we find that Welti did not dispute the veracity of the facts contained in the Presentence

Report, we **AFFIRM** the sentence.

**I. BACKGROUND**

Prior to 2000, Robert Welti, a Certified Public Accountant, became associated with the Aegis

Company, an Illinois-based organization that marketed fraudulent trust products. Aegis's scheme

involved the establishment of sham domestic, charitable, and foreign trusts, each with its own bank account, as well as the establishment of limited liability companies ("LLCs"). Member funds constituting taxable compensation were transferred through the various trusts, LLCs, and bank accounts in an attempt to disguise and conceal the income from the Internal Revenue Service ("IRS"). Taxpayers who used the Aegis system did not properly report or pay their income taxes.

The Aegis system also included a program called the "Audit Arsenal," which provided members with obstructionist tactics to be used in the event of an IRS audit. This program included such tactics as recommending that taxpayers accuse IRS officials of misconduct and was designed to impede the IRS, thereby delaying audits and investigations. Welti pled guilty to this type of conduct in relation to Aegis members Donald and Douglas Frichtl.

Welti began representing the Frichtls in or about March 2002 for purposes of an IRS audit. On April 8, 2002, Welti met with the Frichtls prior to the audit and advised them to answer all questions by stating that they decline to answer on the grounds it may incriminate them and by claiming the protection of the Fourth, Fifth, and Sixth Amendments. Although the Frichtls brought records to the audit in response to IRS administrative summonses, Welti directed them not to provide the auditor with those documents. Welti told the Frichtls that he planned to stop the audit by questioning the authority of the IRS. During the audit, Welti proposed meritless and frivolous arguments to the auditors and accused them of engaging in a criminal racketeering conspiracy.

On November 6, 2008, a federal grand jury returned an indictment charging Welti with one count of corruptly endeavoring to obstruct or impede the due administration of the Internal Revenue Code, in violation of 26 U.S.C. § 7212(a), and five counts of aiding and assisting in the filing of false

2

federal income tax returns in violation of 26 U.S.C. § 7206(2). On June 28, 2010, pursuant to a plea agreement, Welti pled guilty to the one-count superseding information based on his conduct surrounding the IRS audit of the Frichtls. The Government agreed to move for dismissal of the remaining counts following sentencing on that charge.

The Presentence Report ("PSR") included the facts relevant to the Frichtls' IRS audit as well as similar facts relating to other instances in which Welti engaged in conduct designed to impede the IRS. At his sentencing hearing, Welti's counsel indicated that all objections to the PSR were resolved prior to the hearing except for an objection relating to the information contained in the Offense Conduct section of the PSR. Welti sought to delete any facts other than those relating specifically to the offense to which he pled guilty. The district court overruled this objection, finding it "well settled" that a sentencing court may consider a wide range of conduct, including acquitted conduct, so long as the resulting sentence is below the maximum statutory penalty.

Welti appeals his sentence, alleging that the district court violated Federal Rule of Criminal Procedure 32(i)(3)(B) by sentencing him in reliance on conduct that Welti disputed and which the court failed specifically to find by a preponderance of the evidence.

## II. DISCUSSION

"We review the district court's compliance with Federal Rule of Criminal Procedure 32(i) *de novo*." *United States v. White*, 492 F.3d 380, 414 (6th Cir. 2007). Rule 32 provides, in relevant part:

(3) Court Determinations. At sentencing, the court:

> (A) may accept any undisputed portion of the presentence report as a finding of fact;
>
> (B) must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing; and
>
> (C) must append a copy of the court's determinations under this rule to any copy of the presentence report made available to the Bureau of Prisons.

Fed. R. Crim. P. 32(i)(3). "As a threshold matter, the defendant must actively raise the dispute during the sentencing hearing before the district court's duty to find facts arises." *White*, 492 F.3d at 415 (citations omitted). "Once the defendant calls the matter to the court's attention, 'the court may not merely summarily adopt the factual findings in the presentence report or simply declare that the facts are supported by a preponderance of the evidence.'" *Id.* (quoting *United States v. Solorio*, 337 F.3d 580, 598 (6th Cir. 2003)). Rather, the court must "affirmatively rule on a controverted matter where it could potentially impact the defendant's sentence." *Id.* (citation omitted).

Where certain facts are in dispute, mere reliance on the PSR in insufficient. *United States v. Treadway*, 328 F.3d 878, 886 (6th Cir. 2003). "Rather, the district court must *actually find facts*, and it must do so by a preponderance of the evidence." *White*, 492 F.3d at 416. Welti claims he disputed the facts contained in the Offense Conduct portion of the PSR that were "unrelated" (that is, not the basis of the specific obstruction charge to which he pled) and the district court relied on those disputed facts in violation of Rule 32(i)(3)(B).

The facts in a PSR must be "sufficiently controverted to trigger the sentencing court's fact-finding duty" under Rule 32(i)(3). *United States v. McGee*, 529 F.3d 691, 700 (6th Cir. 2008)

(quoting *United States v. Hurst*, 228 F.3d 751, 760 (6th Cir. 2000)) (internal quotation marks omitted). On facts similar to those here, the *McGee* Court held that the facts contained in the PSR were not sufficiently controverted to trigger the district court's duty under Rule 32(i)(3). *Id.* The court found that McGee "very clearly led the court to believe—whether intentionally or not—that his only objection was to the *relevancy*, and not the *veracity*, of the disputed portions of his PSR." *Id.* at 700-01.

Like McGee, Welti only disputed the relevance of the facts in the Offense Conduct section and not their veracity. At the sentencing hearing, Welti's council, Mr. Pinales, did not challenge the accuracy of any facts:

> THE COURT: My notes reflect that there is an objection to the presentence report. Mr. Welti seeks to delete all information in the offensive conduct section other than the specifics of the offense charged in the superseding Information.
>
> Mr. Pinales, what would you like to say about that.
>
> MR. PINALES: Your Honor, we have been specifically charged with a specific count. That specific count is an obstruction to a specific couple of folks. There is no obstruction in the former conduct that was initially charged, in the former indictments that had occurred, and we submit to the Court that, *while it is background material, it is not offensive conduct.*

(Sentencing Hearing Tr. at 3 (emphasis added)). At no time did Welti or his counsel challenge the accuracy of those facts.

In *McGee*, this Court held that the district court's fact-finding duty was not triggered because the defendant only challenged the relevancy of the facts at the sentencing hearing, even though McGee had made PSR objections to the accuracy of the facts. 529 F.3d at 700-01. In this case, Welti did not object to the accuracy of the facts at any point, even in his objections to the PSR. In

fact, in response to the PSR, Welti is much clearer that he only challenges the *relevancy* of those facts: "[A]ll of the conduct described in The Offense Conduct section, with the exception of the description of Welti's conduct regarding the April 8, 2002 IRS examination of two Aegis members in Mt. Vernon, Illinois *is not relevant conduct* and should be removed from the report." (PSR at 20 (listing Welti's unresolved objections to the PSR) (emphasis added)).

Welti asserts reliance on *McGee* should be rejected because it "is based primarily upon the holding in *Hurst*, [228 F.3d 751, 760 (6th Cir. 2000),] which, in turn is based upon the holding in [*United States v.* ]*Fry*, 831 F.2d 664 (6th Cir. 1987)." Because *Fry* was based on Rule 32(i)(3)(B)'s predecessor, Rule 32(c)(3)(D), Welti argues subsequent cases that rely on *Fry* should be rejected because Rule 32(c)(3)(D) specifically required a defendant to allege a "factual inaccuracy" in a PSR to trigger a court's fact-finding duty. Welti's argument is unpersuasive for several reasons. First, the purpose of both rules is to "ensure that sentencing is based on reliable facts," which goes to the accuracy of the facts. *See United States v. Nelson*, 356 F.3d 719 (6th Cir. 2004) (Rule 32(i)(3)(B)); *United States v. Tarwater*, 308 F.3d 494, 518 (6th Cir. 2002) (Rule 32(c)(3)(D)). The 2002 amendments which replaced the fact-finding duty of Rule 32(c)(3)(D) with that in Rule 32(i)(3)(B) "attempt[ed] to eliminate confusion over whether courts were required to make rulings on every objection to the PSR or only those that have the potential to affect the sentence." *United States v. Darwich*, 337 F.3d 645, 666 (6th Cir. 2003) (citing Fed R. Crim. P. 32(i)(3) advisory committee's note (2002)). As the 2002 advisory committee's note states, this revision "narrows the requirement for court findings" from that established in the prior version. It does not, as Welti argues, broaden the requirement for factual findings based on relevancy challenges. Further, we have previously

noted that our interpretation of Rule 32(c)(3)(D) was consistent with the revisions made in Rule 32(i)(3)(B). *Darwich*, 337 F.3d at 666 ("Prior to these revisions, we already had interpreted the rule in a manner consistent with Rule 32(i)(3)'s recent clarification.").

More significantly, *McGee* is directly on point and is binding on this Court. *McGee* analyzed the same language of Rule 32(i)(3) that is before this Court and held that McGee's challenges to the relevancy of the PSR facts was not sufficient to trigger the court's fact-finding duty under Rule 32(i)(3). This case is even more clearly outside the requirement of the rule. In *McGee*, the defendant raised a challenge to the accuracy of the PSR facts in his PSR objections, but only objected to their relevancy at his sentencing hearing. *McGee*, 529 F.3d at 700-01. In this case, Welti did not dispute the veracity of the PSR facts in either his objections to the PSR or at his sentencing hearing.

As we have previously explained, "[w]e can find no reason to require a district court to make independent findings outside the PSR when the facts are undisputed." *Treadway*, 328 F.3d at 886; *see also United States v. Freeman*, 640 F.3d 180, 187-88 (6th Cir. 2011). Because there were no factual disputes for the district court to resolve, the district court was free to "accept [the] undisputed portion of the presentence report as a finding of fact." Fed. R. Crim. P. 32(i)(3)(A).

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** Welti's sentence.