UNITED STATES of America, ex rel., Vance WELCH, Petitioner-Appellee,

v.

Michael LANE, Director, Illinois Department of Corrections, & Kenneth McGinnis, Warden, Pontiac Correctional Center, Respondents-Appellants.

No. 83–2595.

United States Court of Appeals, Seventh Circuit.

Argued March 28, 1984.

Decided July 5, 1984.

Michael V. Accettura, Asst. Atty. Gen., Chicago, Ill., for respondents-appellants.

Gordon H. Berry, Asst. State Appellate Defender, Chicago, Ill., for petitioner-appellee.

Before WOOD, CUDAHY and FLAUM, Circuit Judges.

CUDAHY, Circuit Judge.

The district court granted a petition for a writ of habeas corpus requiring resentencing because petitioner's due process rights were violated when he was sentenced on the basis of substantially inaccurate information. *See United States v. Tucker,* 404 U.S. 443, 447, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972); *Townsend v. Burke,* 334 U.S. 736, 741, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690 (1948); *United States v. Harris,* 558 F.2d 366, 373 (7th Cir.1977). For the following reasons, we affirm.

I

Petitioner Vance Welch and two codefendants were convicted in state court of aggravated kidnapping, rape and deviate sexual assault. Petitioner's codefendants

had kidnapped the victim at gunpoint in Ohio, driven her to Chicago and sexually assaulted her. Petitioner later joined the codefendants in further sexual assaults and attempts to force the victim to prostitute herself for the defendants' profit.

At the joint sentencing hearing, the two codefendants were each sentenced to twenty years imprisonment. Both were younger than petitioner and had less serious criminal records than he. The court then turned to petitioner's case. As is customary, the sentencing judge, who had presided at trial, had before him information about petitioner's prior criminal record. Petitioner had been indicted for armed robbery in 1973 and pled guilty to a charge of robbery in 1976. While on probation for the robbery, petitioner was convicted of unlawful use of weapons. Petitioner was on parole from the sentence in the weapons case when he committed the offenses here. The prosecutor asked for a thirty year sentence.

Although the prosecutor told the court quite clearly that petitioner had been convicted of *robbery* in 1976, the sentencing judge said that petitioner had been convicted of *armed robbery*, a Class X offense under Illinois law. The judge sentenced petitioner to the maximum allowable term of thirty years on each count. (The sentences on the three counts were to run concurrently.) In explaining his decision, the judge said:

> The Court is constrain[ed] to comment again on the evidence here. The jury found the defendant guilty of three Class X offenses and a significant factor in the Court's determination of the sentence here is that this defendant has within the

past ten years been convicted of the offense of armed robbery which is an offense of the same magnitude, namely, a Class X offense as the rape, aggravated kidnapping and deviate sexual assault cases of which he is now convicted. Record 19 at 51. On appeal, petitioner argued that the judge had erred when he sentenced him on the basis of an erroneous view of petitioner's criminal record. The Illinois Appellate Court rejected the argument in an unpublished decision, and the Illinois Supreme Court denied leave to appeal.

Petitioner then sought relief in the federal district court. The district court concluded that petitioner was sentenced on the basis of false information in violation of his due process rights. The court granted summary judgment for petitioner and ordered respondents to release him if he were not resentenced within ninety days. The court then stayed the order pending this appeal. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. Petitioner has clearly exhausted his claim in the state courts, and there is no issue of waiver here.[1]

## II

■ The Supreme Court has held that convicted defendants have a due process right to be sentenced on the basis of accurate information. *United States v. Tucker*, 404 U.S. 443, 447, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972); *Townsend v. Burke*, 334 U.S. 736, 741, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690 (1948). The foundation of that right is due process protection against arbitrary government decisions. A convicted offender does not have a constitutional

---

**1.** One enigma in this case is that neither the prosecutor nor petitioner's counsel corrected the judge's mistake. Only a few moments before the judge announced the sentence and explained his reasons, the prosecutor told the judge that petitioner had been convicted of robbery—not armed robbery. We can think of no strategic reason for defense counsel to let such an error go unremarked, nor can we explain the prosecutor's failure to correct the judge's error. Respondents have not suggested in the district court or in this court that defense counsel might

have had a strategic reason for not acting, and there is no record on the adequacy of petitioner's opportunity to respond to the information. Therefore, we do not consider any questions of waiver and adequacy of representation. Because the parties had not raised any issues of material fact, summary judgment was appropriate. *Cf. United States ex rel. Cosey v. Wolff*, 682 F.2d 691, 693–94 (7th Cir.1982) (reversing summary judgment in light of factual issues regarding counsel's effectiveness).

right to a particular sentence available within a range of alternatives, but the offender does have a right to a fair sentencing *process*—one in which the court goes through a rational procedure of selecting a sentence based on relevant considerations and accurate information. As the Supreme Court explained in *Townsend v. Burke:*

> It is not the duration or severity of this sentence that renders it constitutionally invalid; it is the careless or designed pronouncement of sentence on a foundation so extensively and materially false, which the prisoner had no opportunity to correct by the services which counsel would provide, that renders the proceedings lacking in due process.

334 U.S. at 741, 68 S.Ct. at 1255. In *United States v. Tucker*, the Supreme Court reinforced this right to accuracy. There the defendant had been sentenced in part on the basis of a prior conviction which was later found to be unconstitutional because the defendant had not been represented by counsel. The Supreme Court affirmed the court of appeals decision vacating the sentence:

> For we deal here, not with a sentence imposed in the informed discretion of a trial judge, but with a sentence founded at least in part upon misinformation of constitutional magnitude. As in *Townsend v. Burke*, 334 U.S. 736 [68 S.Ct. 1252, 92 L.Ed. 1690], "this prisoner was sentenced on the basis of assumptions

concerning his criminal record which were materially untrue." *Id.* at 741, 68 S.Ct. at 1255.

404 U.S. at 446, 92 S.Ct. at 591. Of course, because a constitutional right is at stake, relief is available through a petition for a writ of habeas corpus. *Cook v. Gray*, 530 F.2d 133 (7th Cir.), *cert. denied*, 425 U.S. 980, 96 S.Ct. 2187, 48 L.Ed.2d 806 (1976). *See also People v. La Pointe*, 88 Ill.2d 482, 59 Ill.Dec. 59, 64–65, 431 N.E.2d 344, 349–51 (1981) (due process prohibits consideration of inaccurate information); *People v. Meeks*, 81 Ill.2d 524, 44 Ill.Dec. 103, 109, 411 N.E.2d 9, 15 (1980) (sentencing information must be accurate and reliable).

 Under *Townsend* and *Tucker*, a sentence must be set aside where the defendant can show that false information was part of the basis for the sentence. The two elements of that showing are, first, that information before the sentencing court was inaccurate, and second, that the sentencing court relied on the misinformation in passing sentence.

 In the case before us, petitioner has had little difficulty in establishing the first element. The sentencing judge thought that petitioner had been convicted several years earlier of armed robbery. In fact, the conviction was only for robbery.[2] These facts are a matter of public record, and respondents agree that the sentencing judge was incorrect.[3]

---

**2.** The difference between robbery and armed robbery is substantial under current Illinois law. Robbery is a "Class 2" felony and carries a sentence of three to seven years. Ill.Rev.Stat. ch. 38, §§ 18–1, 1005–8–1 (1983). Armed robbery is a "Class X" felony and carries a sentence of six to thirty years. Ill.Rev.Stat. ch. 38, §§ 18–2, 1005–8–1 (1983). In addition, the sentencing court generally has less discretion to be lenient when sentencing for a Class X felony. *See* Ill.Rev.Stat. ch. 38, § 1005–5–3(c)(2) (1983). *See generally* Aspen, *New Class X Sentencing Law: An Analysis*, 66 Ill.B.J. 344 (1978).

**3.** Where the sentencing court relies on information of contested accuracy, appellate courts face a more difficult task in reviewing a challenge to the sentence. The sentencing court is entitled to consider a broad range of information at sentencing. *E.g., United States v. Jarrett*, 705 F.2d 198, 208 (7th Cir.1983), *cert. denied*, ——

U.S. ——, 104 S.Ct. 995, 79 L.Ed.2d 228 (1984). However, due process also requires that where the sentencing court relies on information of contested accuracy, the defendant must have some meaningful opportunity to rebut the information. *United States v. Harris*, 558 F.2d 366, 375 (7th Cir.1977) (citing *United States v. Espinoza*, 481 F.2d 553, 556 (5th Cir.1973)). *See, e.g., United States v. Williams*, 668 F.2d 1064, 1072 (9th Cir.1981); *United States v. Doe*, 655 F.2d 920, 927–29 (9th Cir.1980); *Collins v. Buchkoe*, 493 F.2d 343, 345–46 (6th Cir.1974). If the contested information is obviously unreliable, the appellate court may simply require that the defendant be resentenced without reliance on the challenged information. *United States v. Weston*, 448 F.2d 626, 633–34 (9th Cir.1971), *cert. denied*, 404 U.S. 1061, 92 S.Ct. 748, 30 L.Ed.2d 749 (1972).

However, respondents deny that the sentencing court relied on the mistaken information in sentencing the petitioner. We must therefore review the state court record in this case to determine whether the court gave the misinformation "specific consideration," so that the information formed part of the basis for the sentence. *See United States v. Hubbard,* 618 F.2d 422, 425 (7th Cir.1979). Such a review can often be a very difficult task, for the sentencing decision may depend on a wide array of factors, and the sentencing court need not explain its decision in detail. *United States v. Harris, supra,* 558 F.2d at 374–75. The decisions of this court reflect the difficulty of this form of review. *See, e.g., United States v. Plisek,* 657 F.2d 920, 926–28 and n. 8 (7th Cir.1981) (majority finds no "undue reliance" on murder charge of which defendant was acquitted); *id.* at 930 (Swygert, J., dissenting) (court improperly relied on its independent evaluation of murder charges); *United States v. Harris, supra,* 558 F.2d at 374–75 (sentencing court relied on damaging hearsay-on-hearsay allegations where presentence report was favorable and maximum sentence was imposed). The reviewing court must examine the record to see whether the sentencing judge gave specific consideration to the questionable information. The difficult case is presented when the consideration is not explicit in the record, as in *Harris,* or when it is ambiguous, as in *Plisek,* but this is not such a case.

Here the sentencing court's reliance on the misinformation is explicit and incontrovertible. Indeed, it is difficult to imagine a case in which the court's reliance on the inaccurate information could be any clearer. The sentencing judge himself said that the supposed prior conviction for armed robbery was a "significant factor" in his decision. The judge's pronouncement of sentence and explanation of it are in full:

The Court is constrain[ed] to comment again on the evidence here. The jury found the defendant guilty of three Class X offenses *and a significant factor in*

*the Court's determination of the sentence here is that this defendant has within the past ten years been convicted of the offense of armed robbery which is an offense of the same magnitude, namely, a Class X offense as the rape, aggravated kidnapping and deviate sexual assault cases of which he is now convicted.*

In addition, there is a criminal history going back to 1972 where he was given probation for an assault charge and at that time and in April of 1976 on *an armed robbery charge* to a plea of guilty he was given three years probation, first thirteen months, House of Correction by Judge Wendt.

Most recently in July of 1978 on a plea of guilty to unlawful use of weapons before Judge Sklowski he was sentenced to Joliet Penitentiary for a term of three years.

Again, at the time of the occurrence for which you are before this Court, you were on parole.

You have a rather extensive criminal history and you have a criminal history which has previously involved the use of weapons, *an armed robbery conviction* which is an offense against a person and that criminal history and that aggravated circumstances of the offenses of which you were convicted by this jury, I will sentence you to the maximum sentence allowed under the Class X sentence provision, namely, thirty years in the Illinois Department of Corrections.

Record 19 at 51–52 (emphasis supplied). The judge's comments make it manifest that he did not rely merely in a general way on the fact of the prior conviction. He emphasized that the prior conviction was for "an offense of the same magnitude, namely, a Class X offense as the rape, aggravated kidnapping and deviate sexual assault cases of which he is now convicted." The judge's explicit attention to the misinformation demonstrates his reliance

on that misinformation in passing sentence.[4]

The respondents argue that, in light of the sentencing hearing as a whole, the false information did not form the basis for the sentence. Respondents say that the sentence was based on the seriousness of the offenses, the fact that petitioner was on parole when he committed the offenses, the prior criminal record, the lack of mitigating evidence and the state's recommendation. Certainly the court relied on all of those factors, but respondents' argument simply misconceives the nature of the due process right at stake here. The Supreme Court in *United States v. Tucker, supra,* rejected an argument like the one advanced here. There the government argued that the sentence need not be set aside because, in light of the entire record, it was "highly unlikely" that the new, untainted sentence would be any different. 404 U.S. at 446, 92 S.Ct. at 591. The Court held that resentencing was required because it simply could not be assumed that the sentencing court would again give the same sentence. 404 U.S. at 448–49 and n. 8, 92 S.Ct. at 592–93 and n. 8.

It was, of course, entirely proper for the sentencing court to take into consideration each of the factors noted by the respondents; each of these reasons may be relevant in selecting a sentence designed to rehabilitate the offender, protect the public and deter other crimes. But the fact that the other information *might* have justified the sentence, independent of the inaccurate information, is irrelevant when the court has relied on inaccurate information as *part* of the basis of the sentence. *See United States v. Malcolm,* 432 F.2d 809, 816 (2d Cir.1970) (sentence violated due process where judge gave "heavy emphasis" to "garbled criminal record"); *United States ex rel. Jackson v. Myers,* 374 F.2d 707, 711 (3d Cir.1967) (reviewing court could not assume that judge did not rely on misstatements regarding criminal record). The reviewing court cannot independently review the accurate information and conclude that the original sentence was still justified. That would be sheer speculation in reconstructing the sentencing court's thought processes.[5]

Respondents have made virtually the same argument under the label of "harmless error." Respondents contend that the factual error was harmless because the petitioner would be given the same sentence again on resentencing. The argu-

---

**4.** *Cook v. Gray,* 530 F.2d 133 (7th Cir.), *cert. denied,* 425 U.S. 980, 96 S.Ct. 2187, 48 L.Ed.2d 806 (1976), does not support respondents' position that the judge did not rely on misinformation. There this court held that the petitioner's constitutional rights had not been violated when the sentencing judge relied on his belief that the defendant had perjured himself in trials before the judge. This court's opinion thus anticipated the Supreme Court's decision in *United States v. Grayson,* 438 U.S. 41, 53–54, 98 S.Ct. 2610, 2617–2618, 57 L.Ed.2d 582 (1978), but neither case supports respondents' contention that the judge did not rely on the misinformation here.

Respondents have also argued that the sentencing court's error was not material because it was merely "a misunderstanding as to the degree of the offense." Brief of Appellants at 10. That argument fails because the sentencing judge focused so clearly on the degree of the offense. The *Townsend-Tucker* principle applies to any information which the sentencing court relies on as the basis for the sentence; the principle is not limited to errors regarding court records. *See, e.g., United States v. Harris, supra,* 558 F.2d at 371 (agent's belief that defendant was involved in "Family's" drug operations);

*United States v. Haygood,* 502 F.2d 166, 171 & n. 16 (7th Cir.1974) (pending criminal charges), *cert. denied,* 419 U.S. 1114, 95 S.Ct. 791, 42 L.Ed.2d 812 (1975); *United States v. Weston, supra,* 448 F.2d 626, 633–34 (allegations that defendant was major drug dealer). *See also United States v. Malcolm,* 432 F.2d 809, 817–19 (2d Cir.1970) (court erroneously failed to consider evidence of defendant's cooperation). *See also supra,* note 2.

**5.** Respondents also place great emphasis on the court's use of the phrase, "offense against the person." They argue that armed robbery and robbery are both offenses "against the person" and that the court's error as to "degree" of the offense was therefore insignificant. Because the sentencing court explicitly stressed the fact that armed robbery is a Class X felony, the state's position is untenable. But even if the judge had not expressly stated his concern with the Class X offense, respondents would be asking this court for a major feat of interpretation. Where the judge expressly relied on misinformation, we are unable to determine that he did not mean what he said.

ment is misconceived because it would require us to engage in the same speculation. Once it is established that the court relied on erroneous information in passing sentence, reviewing courts cannot speculate as to whether the same result would again ensue with the error corrected. As the Supreme Court articulated the issue in *United States v. Tucker, supra,* the question is "whether the sentence ... might have been different" if the sentencing judge had been correctly informed. 404 U.S. at 448, 92 S.Ct. at 592. That question is best addressed in terms of whether the court relied on the erroneous information.[6]

Finally, it was suggested at oral argument that the sentencing court's error might have been insignificant because, when petitioner was convicted of robbery, he had originally been charged with armed robbery and then pled guilty to the lesser charge of robbery. Because it is at least conceivable that the actual offense committed might have been an armed robbery, the sentencing court's later legal error could actually have been more in accord with the original facts.

This suggestion is not frivolous, but it is clearly directed to the wrong forum. In some cases it may be appropriate for a sentencing court to consider in detail the factual underpinnings of the offender's

criminal record, and the Supreme Court has held that there are few, if any, limits on the admissibility of information to be used in sentencing, at least where the information is accurate. *Williams v. New York,* 337 U.S. 241, 250–51, 69 S.Ct. 1079, 1084–85, 93 L.Ed. 1337 (1949). *See Roberts v. United States,* 445 U.S. 552, 556, 100 S.Ct. 1358, 1362, 63 L.Ed.2d 622 (1980) (defendant's refusal to cooperate in investigation); *United States v. Grayson,* 438 U.S. 41, 98 S.Ct. 2610, 57 L.Ed.2d 582 (1978) (judge's belief that defendant lied at trial).[7] Nothing in the Constitution prohibits the sentencing court from examining the circumstances leading to the robbery conviction. The sentencing court may consider reliable evidence of wrongdoing for which a defendant has not been convicted. *United States v. Ray,* 683 F.2d 1116, 1120–21 (7th Cir.), *cert. denied,* 459 U.S. 1091, 103 S.Ct. 578, 74 L.Ed.2d 938 (1982); *United States v. Shelton,* 669 F.2d 446, 466–67 (7th Cir.), *cert. denied,* 456 U.S. 934, 102 S.Ct. 1989, 72 L.Ed.2d 454 (1982). However, there is simply no indication in the record that the sentencing judge looked behind the documentary record to the facts underlying the robbery conviction. And, as a reviewing court, we could not do so in the first instance. Of course, the mere fact that petitioner was originally charged with armed

**6.** The authorities upon which respondents rely address a wholly different matter. In those cases, federal prisoners requested sentence relief under 28 U.S.C. § 2255 based on the use of false information at sentencing, and the motions were considered by the same judges who had originally sentenced the prisoners. *See United States v. Hubbard,* 618 F.2d 422, 424 (7th Cir.1979); *Lawary v. United States,* 599 F.2d 218, 225–26 (7th Cir.1979); *Farrow v. United States,* 580 F.2d 1339, 1352–53 (9th Cir.1978) (en banc). Those cases show that the judge who originally sentenced a defendant is generally in a good position to determine whether he or she actually relied on challenged information. A reviewing court is obviously in an entirely different posture.

**7.** In *United States v. Harris, supra,* Judge Sprecher noted the tension between this line of decisions permitting courts to consider most types of information (including potentially unreliable information) and the *Townsend—Tucker* due process requirement that sentences be based on accurate information. Judge Sprecher

explained that in striking a balance between these competing principles, the appropriate focus is on the defendant's opportunity to respond to prejudicial information. 558 F.2d at 373–74. The defendant's opportunity to challenge and rebut information may be the best available guarantee of its accuracy. In the federal courts, recent amendments to Rule 32 of the Federal Rules of Criminal Procedure reflect this approach. *See* Rule 32(a)(1), (c)(3)(A), (B) and (D). *See generally* 3 ABA Standards for Criminal Justice § 18–6.4 and commentary at 18–447 to 18–458 (2d ed. 1980) (both parties should have "effective opportunity" to rebut allegations relevant to sentencing but full trial procedures not always appropriate); Schulhofer, *Due Process of Sentencing,* 128 U.Pa.L.Rev. 733, 760–65 (1980) (discussing constitutionality of "real offense" sentencing). In the federal courts, the precise form of the defendant's opportunity to contest the information is left to the district court's discretion. Rule 32(c)(3)(A).

robbery is, without more, not a sufficiently reliable basis for us to conclude that the offense was actually an armed robbery.

Upon resentencing, respondents may present such information as the court has the patience to consider and accept. However, we add as a cautionary note that the defendant has a due process right to contest such information about his prior offense. *See supra* note 3. If the state chooses to try the prior offense in the sentencing hearing, simple fairness and the need to test the state's accusations in an adversarial setting require that the defendant have a meaningful opportunity to respond and to challenge inaccurate information.

Because petitioner "was sentenced on the basis of assumptions concerning his criminal record which were materially untrue," *Townsend v. Burke, supra,* 334 U.S. at 741, 68 S.Ct. at 1255, the judgment of the district court is affirmed.