968 F.2d 1218
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Elijah JONES, Petitioner-Appellant,
v.
Gary MCCAUGHTRY, Respondent-Appellee.
 No. 91-2500.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 16, 1992.*
Decided June 29, 1992.
 
 Before CUDAHY, COFFEY, Circuit Judges and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 This case presents the question whether a sentencing authority may consider the rehabilitative needs of the victim in formulating an appropriate sentence for the offender. Elijah Jones asserts that his due process rights were violated when the trial court based his sentence in part on an unsupported proposition. Pursuant to 28 U.S.C. § 2254, Jones petitioned for a writ of habeas corpus. The district court denied the writ and entered judgment dismissing the petition. For the following reasons, we affirm.
 
 I. BACKGROUND
 
 2
 A jury found Jones guilty of sexual assault of his eleven-year-old stepdaughter, "K.T.", a violation of WIS.STAT. § 940.225(1)(d) (1985-86). A judge in the Milwaukee County Circuit Court sentenced Jones to ten years in prison, half the possible maximum time. In deciding the sentence, the judge considered on the one hand "a lot of pluses" in Jones' favor.[1] On the other hand, he also took into account the "severe trauma" suffered by K.T. Appellant's Brief, filed Aug. 7, 1991, at 2. On this point he elaborated:
 
 
 3
 It's conduct that's so devastating to children and an innocent parent that it just cannot be allowed in a civilized society. We can't have stepfathers or any father having carte blanche sexual license with a ten-year-old child.... There's got to be a severe, severe consequence, at least, in every type of situation.... There's an entire school of thought with regard to the therapist and behavioral people that the first step of rehabilitation as far as the damaged victim--victim is a substantial period of incarceration of the offender. I'm considering that.... I'm trying to tailor a sentence here to meet the needs of the defendant, the community, and this little victim and her mother, and this is the basis for this sentence.
 
 
 4
 Transcript of Sentencing Hearing, July 1, 1988, at 6 (Loose Pleadings, Vol. 1 of 2).
 
 
 5
 Jones challenged the sentence, arguing that no factual basis supported any linkage of K.T.'s rehabilitation to the term of imprisonment imposed by the court. The judge heard and denied the motion, characterizing his reference to K.T.'s rehabilitation as a passing comment, and "certainly not one of the factors that I considered."[2] Transcript of Hearing for Modification of Sentence, Dec. 6, 1988, at 10-11 (Loose Pleadings, Vol. 1 of 2).
 
 
 6
 Affirming Jones' conviction in a published decision, State v. Jones, 151 Wis.2d 488, 444 N.W.2d 760 (Wis.Ct.App.1989), the Wisconsin Court of Appeals held that a sentencing judge properly may consider the rehabilitative needs of the victim, "especially ... in cases such as this, where a minor child has been the victim of a sexual crime, and where the trial court finds that significant incarceration will have a positive influence on the child's recovery from its effects...." 151 Wis.2d at 496, 444 N.W.2d at 764. Evidently the court decided that the factor, if relied on, was appropriate, without deciding whether the sentencing judge relied on it. Jones exhausted his state court remedies when the Wisconsin Supreme Court denied discretionary review.
 
 
 7
 Jones next petitioned for a writ of habeas corpus, alleging that his sentence violated due process because it "was based in part on an assumption not supported by the record (namely that victim's 'rehabilitative needs' would be furthered by the 10-year sentence)." Appellant's Brief, at 4. Judge Curran denied the petition, stating that he was persuaded that the trial judge's reference to the needs of K.T. "was simply a remark made in passing." Appellant's Brief, Appendix at 112. This appeal follows. The state concedes that there was no evidence at trial that K.T. in particular would benefit from imposition of a long sentence, arguing instead that the proposition to which the judge had referred was a reasonable, general belief. Appellant's Brief, at 13-14.
 
 II. ANALYSIS
 
 8
 On appeal Jones raises two main points: (1) the trial judge relied on an inaccurate factor in sentencing Jones; (2) Jones never had an opportunity to rebut the factor. We address each argument in turn.
 
 
 9
 A. Inaccurate information as a basis of sentencing
 
 
 10
 A sentencing authority may consider a wide range of relevant material when it fashions a sentence. Williams v. New York, 337 U.S. 241, 246 (1949); United States v. Serhant, 740 F.2d 548, 551-552 (7th Cir.1984). At sentencing a judge may "conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." United States v. Tucker, 404 U.S. 443, 446 (1972); see also Pennsylvania v. Ashe, 302 U.S. 51, 55 (1937); United States v. Jarrett, 705 F.2d 198, 208 (7th Cir.1983), cert. denied, 465 U.S. 1004 (1984). Due process requirements, however, limit the authority of a judge by ensuring a convicted defendant's right to be sentenced on the basis of accurate and relevant information. Tucker, 404 U.S. at 447; Townsend v. Burke, 334 U.S. 736, 741 (1948); United States v. Agyemang, 876 F.2d 1264, 1270 (7th Cir.1989).
 
 
 11
 A sentence must be set aside if the defendant can show that false information was part of the basis for sentencing. United States ex rel. Welch v. Lane, 738 F.2d 863, 865 (7th Cir.1984). "The two elements of that showing are, first, that information before the sentencing court was inaccurate, and second, that the sentencing court relied on the misinformation in passing sentence." Id. In order to show the inaccuracy of the information, the defendant must offer something on appeal "other than his own uncorroborated version of the facts." United States v. Musa, 946 F.2d 1297, 1307 (7th Cir.1991).
 
 
 12
 Jones fails to demonstrate the inaccuracy of any information considered by the trial judge with regard to the salutary influence a particular sentence would have on a victim of sexual abuse. The challenge to his sentence necessarily fails as a result. In addition, we do not believe the district court was in error in finding that the sentencing court did not rely on the disputed rehabilitative need in imposing sentence. According to Jones, the assertion that "a victim's recovery will be advanced by a substantial sentence ... lacks self-verification...." Appellant's Brief, at 16. Therefore, he concludes, the sentence failed to offer K.T. "any particular favor" because "[w]ithout any plausible showing that K.T.'s trauma will lessen as a result of Jones's substantial sentence, she is as likely as he to perceive sentencing as a cynical process...." Id. at 16-17. We find this argument conclusory and without merit.
 
 
 13
 A primary factor a trial judge must take into account at sentencing is the need to protect the public. See State v. Jones, 151 Wis.2d 488, 495, 444 N.W.2d 760, 763 (Wis.Ct.App.1989). Consideration of the rehabilitative needs of a crime victim derives from judicial concerns about the interests of the community, whose membership includes K.T. herself.[3] Those interests are reflected to some degree in all of the theoretical justifications for punishment, including the principles of retribution, general deterrence, specific deterrence, and rehabilitation of the offender. Cf. Ashe, 302 U.S. at 55 (In order to "protect itself and its people against criminal violation of its laws ... [a state] may inflict a deserved penalty merely to vindicate the law or to deter or to reform the offender or for all of these purposes.").
 
 
 14
 A ruling last term by the United States Supreme Court suggests the conceptual relation between victim rehabilitation and retribution. In Payne v. Tennessee, 111 S.Ct. 2597 (1991), the Court held that the Eighth Amendment erects no per se barrier to consideration by a capital sentencing jury of evidence describing the specific pain experienced by a particular victim. Payne establishes that the harm suffered by a victim of crime gauges the gravity of the offense as well as a fitting punishment for the offender.
 
 
 15
 During closing argument at trial, the prosecutor in Payne described how Nicholas, a three-year-old boy, continued to suffer the effects of surviving an attempted murder and witnessing the murder of his mother and baby sister: "There is obviously nothing you can do for Charisse and Lacie Jo. But there is something that you can do for Nicholas." Id. at 2603. In appealing to the jury's retributive sense of justice, the prosecutor may have implicitly suggested that it would be appropriate to impose a punishment that considered the rehabilitative needs of the victim as well.[4]
 
 
 16
 But it may really be unnecessary to rely on the validity of the rehabilitative theory since the state trial judge stated that he had not considered the factor in sentencing. The state appellate court did not find to the contrary.
 
 B. Meaningful opportunity to rebut factor
 
 17
 In addition to arguing that the trial judge relied on an unsupported principle, Jones contends that he was denied due process because he did not have an opportunity to rebut assumptions that K.T. would gain rehabilitative benefits from his service of a substantial sentence.[5] Even assuming that the sentencing judge relied to some extent on the proposition that the first step in rehabilitating the victim is a substantial sentence for the offender, due process does not require that Jones be given an opportunity to challenge the factor. See Lane, 738 F.2d at 865 n. 3.
 
 III. CONCLUSION
 
 18
 Jones has failed to demonstrate that the trial judge improperly considered the possibility that the kind of sentence served by a sexual offender--whether short, substantial, or none at all--could affect the emotional recovery of the crime victim. For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 These positive factors included Jones' lack of a prior record, abstinence from criminal activity during the preceding two years, and full-time employment status. Appellant's Brief, filed Aug. 7, 1991, at 2
 
 
 [2]
 The sentencing judge added that had he considered the factor, he would have sentenced Jones to twenty years in prison. Transcript of Hearing for Modification of Sentence, Dec. 6, 1988, at 11; Loose Pleadings, Vol. 1 of 2
 
 
 [3]
 In his concurring opinion, Judge Fine of the Wisconsin Court of Appeals argues that it is appropriate to consider victim rehabilitation in every case. " 'Two lives--the defendant's and the victim's--are profoundly affected by a criminal sentence. The court cannot make an informed decision on a just punishment if it hears only from one side.' " State v. Jones, 151 Wis.2d 488, 496-502, 444 N.W.2d 760, 764 (Wis.Ct.App.1989) (Fine, J., concurring) (quoting McCleod, Victim Participation at Sentencing, 22 CRIM.L.BULL. 501, 506-507 (1986)) (in turn quoting President's Task Force on Victims of Crime, Victims of Crime (1982))
 Moreover, as Judge Fine points out, the United States Sentencing Commission has said that any sentence " 'should be effective, just, and efficient for the defendant, the victim, and society.' " Id. (quoting United States Sentencing Commission, Revised Draft Sentencing Guidelines 2 (Jan.1987)).
 
 
 [4]
 The prosecutor elaborated:
 Somewhere down the road Nicholas is going to grow up, hopefully. He's going to want to know what happened. And he is going to know what happened to his baby sister and his mother. He is going to want to know what type of justice was done. He is going to want to know what happened. With your verdict, you will provide the answer.
 Payne v. Tennessee, 111 S.Ct. 2597, 2603 (1991).
 
 
 [5]
 Citing United States ex rel. Welch v. Lane, 738 F.2d 863 (7th Cir.1984), Jones claims that this argument raises due process considerations regardless of whether the sentencing factor is accurate. Our reading of that case, however, suggests otherwise. In Lane, we stated that "due process ... requires that where the sentencing court relies on information of contested accuracy, the defendant must have some meaningful opportunity to rebut the information." Id. at 865, n. 3 (citations omitted) (emphasis added). If Jones' reading of Lane were correct, judges might be hamstrung by challenges to any or all factors that go into the sentencing determination--an interpretation at odds with the long line of precedent discussed supra, at 4-5, that gives judges broad discretion in deciding appropriate sentences