1 F.3d 1244
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Roy JACKSON, Petitioner/Appellant,
v.
Richard B. GRAMLEY, Warden, Pontiac Correctional Center and
Roland W. Burris, Attorney General of the State of
Illinois, Respondents/Appellees.
 No. 92-3476.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 21, 1993.*
Decided Aug. 4, 1993.
 
 Before MANION and ILANA DIAMOND ROVNER, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 ORDER
 Roy Jackson, an Illinois state prisoner, filed a petition for a writ of habeas corpus in the district court, pursuant to 28 U.S.C. Sec. 2254, claiming that his constitutional rights were violated when he received a sentence that was substantially higher than that of his codefendant. The district court denied his petition. Jackson appeals.
 After a bench trial in the Circuit Court of Cook County, Jackson was convicted and sentenced to an extended term of 35 years for attempted murder and terms of 30 years for armed robbery, 5 years for aggravated battery, 7 years for burglary and 3 years for unlawful restraint; all sentences were to run concurrently. Jackson's codefendant, Larry Bridgefort, pleaded guilty to two class X counts of armed robbery and to an aggravated battery charge; he received a sentence of 12 years.
 We generally will not overturn a sentence that falls within statutory limits, United States v. Goot, 894 F.2d 231 (7th Cir.1990) (citing United States v. Tucker, 404 U.S. 443, 447 (1972)), cert. denied, 498 U.S. 811 (1990), so long as the sentence is based on relevant considerations and accurate information. United States ex rel. Welch v. Lane, 738 F.2d 863 (7th Cir.1984) (citing Tucker, 404 U.S. at 447; Townsend v. Burke, 334 U.S. 736, 741 (1948)). A convicted offender has a constitutional right to a fair sentencing process, Welch, 738 F.2d at 864-5; see Hicks v. Oklahoma, 447 U.S. 343, 346 (1980) (a convicted defendant's "liberty interest is one that the Fourteenth Amendment preserves against arbitrary deprivation by the State"), but he does not have a right to a particular sentence available within a range of alternatives. Welch, 738 F.2d at 864-65. We will not overturn a defendant's sentence due to a mere showing of disparity in sentencing. United States v. Santiago, 582 F.2d 1128 (7th Cir.1978); see Alabama v. Smith, 490 U.S. 794 (1989) (trial court may give defendant who goes to trial a heavier sentence than it would have had the defendant pleaded guilty because of the evidence heard at trial). Because the trial judge has such broad discretion in determining a sentence, United States v. Tucker, 404 U.S. 443, 446 (1972); see Williams v. New York, 337 U.S. 241 (1949), a federal court's review of the state court's sentencing decision is extremely narrow. United States ex rel. Humphrey v. Roth, No. 91-1350, 1991 U.S. Dist. LEXIS 17392, at * 27 (N.D.Ill. Nov. 27, 1991) (Rovner, J.).
 
 
 1
 Jackson's sentence was within the statutory limits of a conviction for attempted murder with aggravating circumstances. Ill.Rev.Stat. ch. 38, p 8-4(c); Ill.Rev.Stat. ch. 38, p 1005-8-2; Ill.Rev.Stat. ch. 38, p 1005-5-3.2(1). He has not challenged the accuracy of the information upon which the court relied in determining his sentence, but he argues that the court placed too much emphasis on his participation in the offense without considering Bridgefort's degree of involvement. As the Illinois court found, Jackson made the initial phone call to A.R.A. Means Service, held a knife to Larrogoity's neck, told Frantz they would have to "do [him] in," and gave Bridgefort a box opener, ordering him to cut Frantz' neck. People v. Jackson, No. 86-332, slip op. (Ill.App.Cot. Jan. 27, 1988). Jackson also threw Frantz over a balcony railing, causing Frantz to land 23 feet below and sustain several serious injuries. The fact that Bridgefort chimed in when Jackson made death threats and tried to cut Frantz' neck at Jackson's direction does not diminish Jackson's relative involvement. Jackson has not shown that the state court improperly imposed a greater sentence upon him.
 
 
 2
 Jackson also argues that the trial judge was predisposed to impose an extended term sentence upon him. There is no support in the record for this allegation.
 
 
 3
 Finally, we note that Jackson and Bridgefort were not convicted of identical crimes. Hence, there is no reason for identical sentences. See United States v. Brainard, 745 F.2d 320, 324 (4th Cir.1984), cert. denied, 471 U.S. 1099 (1985).
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs