12 F.3d 1100
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Modesto C. ARROYO, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-1229.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 16, 1993.*
Decided Nov. 17, 1993.
 
 Before COFFEY, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Modesto Arroyo pleaded guilty to one count of conspiring to possess and to distribute cocaine. 21 U.S.C. Secs. 841(a)(1), 846. The judge departed upward from the Guidelines, sentencing Arroyo to 87 months in prison. U.S.S.G. Sec. 4A1.3. The district court denied Arroyo's Sec. 2255 motion to vacate his sentence. 28 U.S.C. Sec. 2255. We affirm.
 
 I. Background
 
 2
 Under the Sentencing Guidelines, Arroyo was placed in Criminal History Category I and given an offense level of 26 for a guideline range of 63-78 months. The district court judge concluded, however, that Criminal History Category I did not adequately reflect the seriousness of Arroyo's past criminal conduct. The judge based his decision on Arroyo's arrest for cocaine trafficking and subsequent bond jumping in New York City, and Arroyo's misrepresentations to the district court regarding his prior criminal activity. Thus, he departed upward, imposing a sentence under the guideline range for Criminal History Category II. Although defense counsel objected to the upward departure on the basis that the information received from the district attorney's office in New York was not sufficiently reliable to establish Arroyo's past criminal activity, he did not file a direct appeal. Arroyo moved the court to vacate his sentence under Sec. 2255.
 
 
 3
 Arroyo argued that his due process right to a fair sentence was violated when the judge construed his arrest as a criminal conviction and sentenced him as a second offender. To prove that the sentencing court also relied on false information, Arroyo submitted evidence establishing that the New York charges were eventually dismissed.
 
 
 4
 Relying on United States ex rel. Welch v. Lane, 738 F.2d 863 (7th Cir.1984), the district court denied the motion because Arroyo failed to prove that the court relied on inaccurate information at sentencing. Alternatively, the court ruled that Arroyo had waived his claim by failing to file a direct appeal.
 
 
 5
 Arroyo appeals the district court's denial of his due process claim and raises two new claims: (1) that the court's upward departure from the guidelines without providing sufficient reasons or giving proper notice to the defendant was clearly erroneous under 18 U.S.C. Sec. 3553; and (2) defense counsel's performance at the trial and appellate levels constituted ineffective assistance of counsel.
 
 II. Analysis
 A. Due Process Claim
 
 6
 Convicted felons have a constitutional due process right to be sentenced on the basis of accurate information and relevant considerations. United States v. Tucker, 404 U.S. 443, 447 (1972); Welch, 738 F.2d at 865. However, constitutional claims may be waived if the petitioner cannot demonstrate cause for failure to raise the issue on direct appeal and actual prejudice. Belford v. United States, 975 F.2d 310, 313 (7th Cir.1992).
 
 
 7
 Although Arroyo does not address the issue of cause in his brief, he submitted an affidavit from the assistant district attorney in New York that discusses the dismissal of the New York drug trafficking indictment. The charges were dismissed after Arroyo's sentencing and after the time to appeal expired.[1] The district court held that because the charges were not yet dismissed when Arroyo was sentenced, the subsequent dismissal might arguably constitute cause for failure to appeal. Yet, the court concluded that Arroyo still failed to establish prejudice. We do not reach the prejudice prong because Arroyo's claim does not state adequate cause for his failure to appeal.
 
 
 8
 Arroyo submits the affidavit to prove that the district court's upward departure from the Guidelines was based on false information about his prior criminal activity. However, Arroyo overstates the significance of the dismissal because it does not establish his non-involvement in prior drug trafficking activity. United States v. Fonner, 920 F.2d 1330, 1332 (7th Cir.1990) (stating that an acquittal shows only that the prosecution failed to establish culpability beyond a reasonable doubt; it does not establish a defendant's innocence). In fact, the district attorney's office suggested other reasons besides the merit of the indictment for its decision not to pursue the charges against Arroyo. Affidavit of Nancy Killian, Appellant's Brief, App. B. In any case, Arroyo's main contention was not that he had no prior involvement in cocaine trafficking, but that the information before the judge at sentencing was not sufficiently reliable to justify an upward departure. This argument could have been pursued effectively on direct appeal without knowledge of the dismissal since Arroyo needed to prove only that under the preponderance of the evidence standard, the facts before the judge at the time of sentencing were insufficient to establish his prior criminal activity. Fonner, 920 F.2d at 1333. Because the dismissal of the New York indictment does not establish cause for Arroyo's failure to appeal, and Arroyo offers no other reasons for his inaction, his due process claim is waived.
 
 
 9
 B. Ineffective Assistance of Counsel & 18 U.S.C. Sec. 3553 Violation
 
 
 10
 Arroyo raises for the first time on appeal an ineffective assistance of counsel claim based upon his counsel's failure to appeal the judge's upward departure from the Sentencing Guidelines. Arroyo also avers that defense counsel's performance before sentencing was deficient because Arroyo never saw his presentence investigation report and never met with his lawyer to discuss it. Whatever legitimacy Arroyo's claims may have, his failure to raise them in the Sec. 2255 motion brought before the district court results in the waiver of those issues. Williams v. Turner, No. 91-1283, slip op. at 4-5 (7th Cir. Sept. 28, 1993) (holding that issues first raised on appeal in action requesting habeas relief were generally waived unless they constituted a different cause of action in which case they should be dismissed without prejudice); Gray v. Lacke, 885 F.2d 399, 409 (7th Cir.1989).
 
 
 11
 Finally, Arroyo contends that the district court violated 18 U.S.C. Sec. 3553 because it did not provide sufficient reasons for its upward departure and failed to give Arroyo proper notice. In Burns v. United States, 111 S.Ct. 2182, 2187 (1991), the Supreme Court held that a district court could depart upward sua sponte for reasons not identified either in the presentence report or in a prehearing submission by the Government only if the parties were given reasonable notice that the district court was contemplating such action. The Court did not decide whether failure to give notice was a constitutional violation under the Due Process Clause, instead basing its decision on an interpretation of Federal Rule of Criminal Procedure 32 that would avoid confronting the issue. Id. Even if notice is constitutionally required such that the claim is cognizable on a Sec. 2255 motion, Belford, 975 F.2d at 313, Arroyo failed to raise the issue in his Sec. 2255 motion before the district court. Thus, to the extent Arroyo stated a claim under Sec. 2255, it is waived.
 
 
 12
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Petitioner filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 In Arroyo's brief he states that the State of New York had already dismissed the charges against him at the time of sentencing. Petitioner's Brief at 9. This statement is not supported by the record or Arroyo's Sec. 2255 motion