In the
United States Court of Appeals
For the Seventh Circuit

No. 01-3700

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ANDREW C. POLSON,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 01 CR 53--John C. Shabaz, Judge.

ARGUED FEBRUARY 28, 2002--DECIDED March 29, 2002


  Before RIPPLE, MANION and EVANS, Circuit
Judges.

  RIPPLE, Circuit Judge.  Having pleaded
guilty to one count of transporting child
pornography in interstate commerce in
violation of 18 U.S.C. sec. 2252A(a)(1),
Mr. Polson now appeals the application of
an enhancement to his sentence as based
on unreliable information. For the
reasons set forth in the following
opinion, we affirm the judgment of the
district court.

I

BACKGROUND

  After the FBI discovered that he had
been disseminating pornographic pictures
of minors over the internet, Mr. Polson
pleaded guilty to one count of
transporting child pornography in
interstate commerce in violation of 18
U.S.C. sec. 2252A(a)(1). The district
court determined Mr. Polson's offense
level under the United States Sentencing
Guidelines to be 32, which included a
base offense level of 17 for "Trafficking
in Material Involving the Sexual
Exploitation of a Minor," U.S.S.G. sec.
2G2.2(a), and several upward adjustments
relating to the particular circumstances
of Mr. Polson's offense. The upward
adjustments included a five-level
enhancement based on the district court's

determination that Mr. Polson had "engaged in a pattern of activity involving the sexual abuse or exploitation of a minor." U.S.S.G. sec. 2G2.2(b)(4). The district court applied this enhancement despite Mr. Polson's objection that it was based on unreliable information.

At the sentencing hearing, the Government had presented evidence of three alleged instances of sexual abuse. The first incident occurred in February 1987. According to a police report appended to the Presentence Report (PSR), a mother reported the possible sexual assault of her four-year-old daughter by her babysitter, Andrew Polson, who was then fifteen years old. The mother reported that her daughter had told her that Mr. Polson had touched her inappropriately while he babysat her the previous evening. Her daughter had pointed to the front of her pelvic area and said that Mr. Polson had touched her there with his finger. The police made an audio recording of the mother's statement, the transcript of which the Government introduced during the sentencing hearing. For this incident, a juvenile court convicted Mr. Polson of first-degree sexual assault and placed him on supervision for one year.

The second instance of sexual abuse allegedly occurred around the same time as the first and consisted of similar misconduct involving the same four-year-old girl. The only evidence of it, however, was the mother's statement during the investigation of the first incident that she had asked her daughter if Mr. Polson previously had touched her in the same way and that her daughter had indicated that he had. Mr. Polson had babysat for the child four or five times before./1

The third instance of sexual abuse allegedly occurred sometime in the early 1990s. According to the police reports appended to the PSR, an eight-year-old girl told police in April 1997 that Mr. Polson had "picked at" her genitalia while he was babysitting several years before. R.25, Addendum to the PSR, Incident Report No. 1997-000970-I, at 2. The mother of the girl told police that Mr. Polson had babysat her daughter four or five years earlier. The girl therefore

would have been three or four years old at the time of the incident. A police detective who had participated in the 1997 investigation of this incident testified at the sentencing hearing. The detective related that he had interviewed Mr. Polson after receiving the complaint and that he had told Mr. Polson that he was investigating "a situation that occurred while babysitting." R.27, at 12. The detective had not mentioned the name of the child, but Mr. Polson nevertheless volunteered that the complaint must have been in regard to an incident that he remembered occurring while babysitting the girl who had reported the incident. Mr. Polson explained that he had been babysitting the girl while she was going through "potty training" and that she had had a diaper rash in her vaginal area, which he had attempted to treat by applying Neosporin. Id. According to the detective, Mr. Polson explained that he had later wiped off the cream because it appeared to be burning the child. The detective further testified that Mr. Polson had appeared very nervous during the interview and that Mr. Polson's voice and hands were shaky. In the detective's opinion, Mr. Polson was not truthful during the interview and had withheld information.

The district court determined that the Government had established by a preponderance of the evidence that the first instance of sexual abuse had occurred and that the same conduct had occurred at least one other time, although the court could not ascertain on the record how many other times it had occurred. With regard to the third instance, the court determined that Mr. Polson's admission that he had applied Neosporin to the girl's rash indicated that he had touched the girl in the way that she later described. The court also stated that it did not accept Mr. Polson's explanation of the incident. The district court therefore applied the five-level enhancement and sentenced Mr. Polson to 151 months of imprisonment, the maximum allowed under the Sentencing Guidelines. Mr. Polson appeals only the application of the five-level enhancement for engaging in a "pattern of activity involving the sexual abuse or exploitation of a minor." U.S.S.G. sec. 2G2.2(b)(4).

II

DISCUSSION

A "pattern of activity," as defined by the Sentencing Guidelines, consists of two or more instances of sexual abuse or exploitation of a minor. See U.S.S.G. sec. 2G2.2, Application Note 1. "'Sexual abuse or exploitation' does not include trafficking in material relating to the sexual abuse or exploitation of a minor." Id. Therefore, for the enhancement to apply to Mr. Polson's sentence, there must be evidence of at least two instances--not including the offense for which he has been convicted--in which Mr. Polson engaged in the sexual abuse or exploitation of a minor.

Moreover, the evidence of the two instances must be reliable, because a defendant is entitled to be sentenced on the basis of reliable information. United States v. Francis, 39 F.3d 803, 810 (7th Cir. 1994). The Sentencing Guidelines provide that during sentencing "the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. sec. 6A1.3(a). Mr. Polson characterizes the evidence supporting the sentence enhancement as unreliable because it consists of multiple layers of uncorroborated hearsay. A district court may consider hearsay evidence in determining a defendant's sentence, but the hearsay evidence must be reliable. See United States v. Barnes, 117 F.3d 328, 337 (7th Cir. 1997); Francis, 39 F.3d at 810. We review a district court's determination during sentencing of the reliability of hearsay evidence for an abuse of discretion. See Barnes, 117 F.3d at 337.

The general principles that govern the consideration of contested evidence in a sentencing proceeding are well established. A district court cannot rely on inaccurate information in sentencing a defendant; a sentence based on inaccurate information must be set aside. See United States ex rel. Welch v. Lane, 738 F.2d 863, 865 (7th Cir. 1984). "Where the sentencing court relies on information of contested accuracy, appellate courts face

a more difficult task in reviewing a challenge to the sentence." Id. at 865 n.3. A sentencing court is entitled to consider a broad range of information in the sentencing process. Due process requires, however, that the sentencing court afford the defendant a meaningful opportunity to rebut contested evidence. "If the contested information is obviously unreliable, the appellate court may simply require that the defendant be resentenced without reliance on the challenged information." Id. On the other hand, when the evidence submitted by the prosecution at trial contains "sufficient indicia of reliability," the defendant must come forward with some evidence other than an unsupported denial to establish its inaccuracy. See United States v. Coonce, 961 F.2d 1268, 1280 (7th Cir. 1992) (stating that, with regard to the accuracy of sentencing evidence, "once it has initially presented evidence with sufficient indicia of reliability, the government need not go further to meet its burden of persuasion until the defendant has made some showing calling the alleged facts into question").

We cannot say that the district court abused its discretion in determining that the evidence before it was sufficiently reliable. With respect to the first incident, Mr. Polson does not contest the reliability of the evidence; Mr. Polson previously was convicted of first degree sexual assault with respect to that incident. Mr. Polson maintains, however, that the evidence of the second instance is unreliable because it consists only of multiple layers of uncorroborated hearsay. It is true that the evidence is multiple hearsay; the daughter told the mother who told the police who finally testified. The mother's interview with the police was recorded, however, and the transcript of the interview was admitted into evidence at the sentencing hearing. Mr. Polson has not suggested any reason to doubt the veracity of either the police officers or the mother. The evidence of the second incident may be suspect, however, because it consists ultimately in the four-year-old daughter's reply to her mother's query whether Mr. Polson had touched the daughter inappropriately on an occasion other than the one of which he was convicted. The district court recognized

the weakness of this evidence and determined that, although it was reliable to the extent of establishing one additional instance of sexual assault, it was not sufficient to establish more than one. The evidence is indeed weak. However, given the district court's selective scrutiny of the evidence, we find it difficult to say that its acceptance of the evidence to establish one additional instance amounted to an abuse of discretion.

In any event, the Government need establish only two instances of sexual abuse to show "a pattern of activity," and the evidence supporting the third instance bears sufficient indicia of reliability. An eight-year-old reported that Mr. Polson had "picked at" her genitalia with his finger while he had been babysitting her several years before. R.25, Addendum to the PSR, Incident Report No. 1997-000970-I, at 2. When the police interviewed Mr. Polson, he immediately recounted an incident with that same girl, even though the police had not told him the identity of the girl who had reported the incident. Mr. Polson explained that he merely had applied Neosporin to a rash, but the district court did not credit the explanation. The record contains a factual basis for the district court's determination. As the Government notes, although Mr. Polson did not inform the girl's parents of the incident, he remembered it immediately six years later. The district court also credited the testimony of the police detective who testified that Mr. Polson had been extremely nervous and, in the detective's opinion, had not been telling the truth. The evidence of the incident was therefore corroborated by Mr. Polson's own statement to the police. Thus, the district court did not abuse its discretion in determining the sentencing evidence to be reliable, and the sentence enhancement was appropriate.


Conclusion

Because the district court did not abuse its discretion in determining that reliable information supported the five-level enhancement, we affirm its judgment.

AFFIRMED

FOOTNOTE

/1 The mother made the statement in the recorded interview, the transcript of which was before the court.