In the

# United States Court of Appeals
## For the Seventh Circuit

No. 13-2713

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

DENNIS HOUSTON,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 12 CR 424 — **Rubén Castillo**, *Chief Judge.*

ARGUED JANUARY 28, 2014 — DECIDED MARCH 20, 2014

Before WOOD, *Chief Judge*, and EASTERBROOK and KANNE,
*Circuit Judges.*

PER CURIAM. Dennis Houston, who was sentenced to 216
months in prison for possessing and transporting child
pornography, argues that the district court clearly erred in
applying a five-level increase to his total offense level based on
the finding that he sexually abused a minor. *See* U.S.S.G.
§ 2G2.2(b)(5). Houston contends that the court should not have
relied on the statements of the child victim, given inconsistent

evidence in the record over the date when the girl informed her parents of the abuse. Because the judge's finding is well supported by the record, we affirm the judgment.

Houston, then age 44, was caught in 2012 with more than a thousand pornographic images of children on his computer; he pleaded guilty to possessing and transporting child pornography. *See* 18 U.S.C. § 2252A(a)(1), (a)(5)(B). Based on a total offense level of 42 and criminal history score of I, the probation officer calculated a guidelines sentence of 360 months, which was also the statutory maximum for the two counts. *See* 18 U.S.C. § 2252A(b)(1), (b)(2). Houston objected to all of the increases in his offense level, but the only argument he raises on appeal concerns the five-level increase tied to the sexual abuse of a minor. *See* U.S.S.G. § 2G2.2(b)(5).

At the sentencing hearing, the government presented evidence to show that on at least four occasions in the mid-2000s Houston sexually abused a preschool-aged neighbor when she came over to play with one of his daughters. The primary piece of evidence was a videotaped police interview from 2007 in which the girl—then five years old—described how Houston touched his "private" to her "private," made her touch his "private," and then covered her stomach, crotch, and hands in a substance coming out of his "private" that she referred to as "wax." She said that Houston covered her in "wax" more than once and added that the episodes took place on the sofa in Houston's basement, on a sofa in his living room, in his laundry room, and on his bed. She identified Houston by his first name, knew his daughters' names, and described his appearance. She stated that these events happened when she was three or four years old and said that she told her mother

about them. To show that Houston had a sexual interest in ejaculating on young children, the government provided a chat log found on his computer in which he asked someone to fulfill his "fantasy" by ejaculating on a picture of an unidentified young girl. The prosecutor also noted that Houston's court-appointed psychologist diagnosed him with pedophilia based on his reported attraction to children under the age of thirteen. Further, as set forth in the government's undisputed version of the offense, a twelve-year-old girl said that Houston exposed himself in front of her and a three-year-old boy reported that someone in Houston's home licked his penis.

Houston countered that the five-year-old girl's statements were unreliable based on two discrepancies in reports that the government provided as evidence. First, the reports contained conflicting dates about when the girl was said to have informed her mother: According to a police report (from 2007), the girl informed her mother of the abuse in 2006, but an FBI report (from 2012, after Houston's arrest) states that the mother learned of the abuse in 2005. Second, the reports contained different reasons for why the parents delayed in reporting the abuse. Houston insisted that "[the mother's] story changes completely" in explaining the delay. In particular he pointed out that the parents declined to press charges at the time of the girl's interview "based on concerns for [her] mental health and well being," but that during the mother's interview with the FBI she attributed the delay to "family issues" and described how her husband's drinking problem worsened as she and her husband debated whether to report the abuse to the police.

The district court accepted the government's version and found that Houston had sexually abused a minor on multiple

occasions. The court credited the girl's statements, noting that her description of the abuse matched her parents' statements and resembled the fantasy described in Houston's chat logs. The court also noted that the girl's statements were consistent with the psychological report describing Houston's sexual interest in young children, in addition to two other accusations noted in the presentence report. After applying the five-level increase and calculating the guidelines sentence as 360 months, the court imposed a below-guidelines sentence of 216 months.

The sentencing guideline at issue here provides a five-level increase in the offense level based on "a pattern of activity involving the sexual abuse or exploitation of a minor." U.S.S.G. § 2G2.2(b)(5). This guideline applies if the defendant engaged in two or more instances of sexual abuse (regardless of the number of victims) at any time before sentencing. *See United States v. Laraneta*, 700 F.3d 983, 987 (7th Cir. 2012); *United States v. Polson*, 285 F.3d 563, 567–68 (7th Cir. 2002). We review the district court's factual findings for clear error. *See United States v. Grigsby*, 692 F.3d 778, 787–88 (7th Cir. 2012).

On appeal Houston argues that the district court clearly erred in finding that he sexually abused a minor. He maintains that discrepancies in the 2007 police report and the 2012 FBI report render the government's evidence too unreliable for use at sentencing. The discrepancies he identifies concern (1) what year the girl told her mother about the abuse and (2) why the parents delayed in reporting the abuse.

But the court did not clearly err in crediting the government's evidence, particularly the five-year-old girl's statements. Although the reports contain inconsistent dates

over when she told her mother of the abuse (one report lists 2005, the other 2006), minor discrepancies are not a basis for finding clear error. *See United States v. Nicksion*, 628 F.3d 368, 376 (7th Cir. 2010); *United States v. Robinson*, 586 F.3d 540, 546–47 (7th Cir. 2009). The girl said that the abuse occurred when she was three or four years old (approximately 2005 or 2006), and the district court could find her statements to be sufficiently reliable given that she has steadfastly insisted (to her mother, to the police, and to the FBI) that she suffered repeated sexual abuse. *See Doe v. United States*, 976 F.2d 1071, 1079 (7th Cir. 1992) (explaining that three-year-old's statements about sexual abuse were reliable because "the basic framework of [her] story remained the same"). The district court also reasonably noted that her description of sexual abuse was corroborated by Houston's chat about his ejaculation fantasy as well as the two other accusations of sexual misconduct. *See United States v. Meschino*, 643 F.3d 1025, 1029 (7th Cir. 2011) (chat logs and testimony from another victim corroborated court's finding of sexual abuse); *United States v. Paull*, 551 F.3d 516, 527 (6th Cir. 2009) (statements from victim's family members corroborated victim's description of sexual abuse); *United States v. Stewart*, 462 F.3d 960, 964 (8th Cir. 2006) (sexual "chat room banter was sufficiently reliable to support the sentencing enhancement").

And as for the parents' explanation for their delay in reporting the abuse, the district court was entitled to accept their statements at the sentencing hearing as reconciling any possible discrepancy. The parents recounted their thought process fully to the court, disclosing their fears that testifying in front of Houston would traumatize their daughter, leading

them to delay reporting and then decline to press charges, as noted in the 2007 police report. They also explained that they warned the other parents in the neighborhood and believed that Houston was under watch by the police because he had been caught in 2006 peeping into a neighbor's bathroom window. Nothing in the record leads us to question the court's decision to credit this explanation, nor do we see how the parents' delay undermines the reliability of the girl's statements. With all of the evidence corroborating her statements and the lack of evidence contradicting her, the district court did not clearly err in making its factual finding.

AFFIRMED.